1843.

Tooker
v.
Oakley.

## TOOKER and others *vs.* OAKLEY.

Where two administrators filed a bill in the name of themselves and of their co-administrator, without the consent of the latter, and the defendant applied to take the bill off the files and to dissolve an injunction which had been granted thereon, upon that ground, the court permitted the administrators who filed the bill to amend the same, without prejudice to the injunction, by striking out the name of their co-administrator as complainant and making him a defendant, and by inserting an allegation that he was unwilling and would not consent to join in the suit as a complainant.

If an executor or administrator who is a necessary party, to a suit in chancery, refuses to join with his co-executors or administrators, as a complainant in the suit, the proper course of the latter is to make him a defendant; stating the fact in the bill that he refuses to join in the suit as a complainant.

But in actions at law by executors or administrators, the proper course is to institute the suit in the first place in the name of all, and if either of them afterwards declines to have the suit prosecuted in his name, the others, who instituted the suit, may by summons and severance obtain leave to continue the suit in their own names only.

May 2.    THIS case came before the court upon a motion by the defendant, to take the complainants' bill off of the files of the court and to dissolve the injunction obtained thereon ; and upon a cross motion, by the complainants, for the appointment of a receiver. The defendant, and the complainants' intestate were in copartnership at the death of the latter, and the goods of. the firm were put up at auction, with the assent of the administrators and the surviving partner, and were mostly bid off by the latter. The bill in this cause was filed by W. A. Tooker, in the name of all the administrators, to set aside the sale, on an allegation that it was improperly conducted, so that the property was sold below its value ; and to have a receiver of the effects of the copartnership appointed, and for an account. The application to dismiss the bill was founded upon the affidavit of N. Oakley, one of the complainants, who swore he was the acting administrator, that he was satisfied that the sale was fair, and that this suit had been instituted by his co-administrator without consulting him, and without his consent.

*L. H. Sandford*, for the complainants.

*J. Rhoades*, for the defendant.

THE CHANCELLOR: All the executors or administrators of the testator or intestate must be made parties to a suit in chancery of this description. The practice at law is to bring the suit in the first place in the name of all, and if either of them is unwilling to have the suit prosecuted in his name afterwards, the one who has instituted the suit may then, upon a summons, have a judgment of severance and continue the suit in his own name only. (2 *Walf. on Parties*, 1530. *Went. Off. of Ex.* 212.) But in this court, if one of the executors or administrators, who is a necessary party, refuses to join in the suit as a co-complainant, the proper course is to make him a party defendant; stating in the bill the fact that he would not consent to be a complainant in the suit. (*Thompson* v. *Graham*, 1 *Paige's Rep.* 384. *Finch* v. *Lord Winchelsea*, 1 *Eq. Cas. Abr.* 2. *Calv. on Parties*, 11, *n.* 3.) The present suit therefore cannot be carried on in the name of the defendant's father, as one of the complainants, without his consent. And the other complainants must amend their bill, by striking out the name of N. Oakley as one of the complainants, and making him a defendant, and by inserting a proper averment in the bill that he was unwilling and would not consent to join in the suit as a complainant. If such amendment is made within thirty days it may be made without prejudice to the injunction, and the motion to take the bill off the files and to dissolve the injunction is to be denied. But if such amendment is not made and served upon the defendant's solicitor within thirty days after service of a copy of the order to be entered upon this application, the motion is to be granted, with costs to be paid by the complainants W. A. Tooker and Phebe Tooker.

The application for a receiver must be denied; but with liberty to renew it after the bill shall have been amended. And the costs of the defendants upon both of these motions are to abide the event of this suit.