Strever v. Feltman.

POTIER, J., concurred.

BOARDMAN, J., dissented.

*Order reversed.*

---

STREVER, administrator, appellant, v. FELTMAN *et al.*

*Administrators — authority of, as to debts due estate.*

One of two administrators of an estate directed a debtor thereof to retain the money due from him, and not to pay it to the other administrator. The debtor complied with such direction. The other administrator thereupon brought action to recover the debt, in which the co-administrator refusing to join as plaintiff, was made defendant. *Held*, that the debtor could not set up the direction not to pay as a bar to the action. The administrator who gave it did so in violation of his duty, and the administrator suing was entitled to bring the action and join the other as defendant.

APPEAL from a judgment in favor of the defendants entered upon the report of a referee. The facts appear in the opinion.

*I. Lawson*, for appellant.

*H. Smith*, for respondent.

PARKER, J. This is an appeal from a judgment entered upon the report of a referee.

The facts, so far as they bear upon the question litigated, are as follows:

In October, 1870, William Whitney died intestate, and subsequently the plaintiff, and defendant, Charles Whitney, were duly appointed administrators of his estate.

At the time of the death of the intestate the defendant, Feltman, owed him the amount of a promissory note, made February 28, 1867, for $1,476.90, payable on demand with interest. This note came into the hands of the plaintiff as administrator, and he, prior to the commencement of this suit, demanded payment of the same of the said Feltman, which was refused. Feltman also owed the intestate at the time of his death, for moneys of intestate collected by him, and before the commencement of this suit he had an accounting and settlement as to the matters between him and the estate of intestate, with defendant, Charles Whitney; and it was found that there was due the estate from Feltman the said note of $1,476.90, and interest from the date of the same, and the sum of $211.46, balance of rents collected by him. He, by direction of Charles Whitney, paid the funeral expenses of the intestate, $212, to apply on his said indebtedness, and was ready to pay the balance, but the said Charles Whitney directed him to retain the money in his hands, and not to pay the same to the plaintiff, which he has ever since done, holding the same ready to pay as the said Charles Whitney shall direct.

The plaintiff, before the bringing of this suit, applied to his co-administrator, the said Charles Whitney, to join him as plaintiff therein, and upon his refusing so to do he was made a defendant therein.

The referee held, as a conclusion of law, " that the accounting and settlement made by and between the said Whitney and Feltman, and the payment of the rents and money received by him, and the pay-

ment of a small portion of the note with the agreement that said Feltman should hold the balance of the funds for him, said Charles Whitney, for the payment of debts and for distribution, is a bar to the prosecution of this action, and a recovery of the money demanded by the plaintiff in this action."

I am inclined to think the referee was wrong in his conclusion of law.

The accounting and settlement had by Feltman with Charles Whitney, and the subsequent payment of $212, intestate's funeral expenses, by direction of Charles Whitney, may be binding and conclusive upon the plaintiff, but all this left Feltman indebted to the estate, in the amount of the note and interest, less fifty-four cents.

This he has not paid, but still owes the estate. Charles Whitney's direction to him not to pay it to plaintiff does not operate either as a release or payment, and I am quite unable to understand how or why it is a bar to this suit. If he had, in fact, paid it to Charles Whitney that would be a bar, but this he has not done actually or in effect. Whitney's direction not to pay was clearly *ultra vires ;* it was contrary to his duty as administrator. Feltman was not, in holding the amount due the estate, acting as Charles Whitney's agent. He never ceased to be the debtor of the estate, and being such debtor the plaintiff had the right to require the payment of the money to himself as administrator.

The relative rights of the two administrators to retain possession of assets in their hands, as against each other, is not here in question. The bare question is, whether a debtor can plead the consent of one administrator, to his withholding payment of a debt due the estate, when called upon by the other for payment, as a bar.

It is the duty of both administrators to proceed and collect the debts due the estate. No reason appears, in this case, excusing defendant Whitney from this duty, or from joining the plaintiff, his co-administrator, in bringing this action. Plaintiff was right in proceeding to collect the debt, and defendant Whitney was wrong in refusing to join him; but his refusal to join plaintiff as a co-plaintiff does not affect plaintiff's right to proceed, as he was in duty bound to do, and collect the debt. He makes Whitney a defendant, pursuant to section 119 of the Code, and the suit proceeds as though both administrators were plaintiffs, and with the same effect as to the debtor. *Tooker* v. *Oakley*, 10 Paige, 288. The

referee should have directed judgment against the defendant Felt-man for the amount of his indebtedness.

The judgment must be reversed and a new trial granted, with costs to abide the event.

BOARDMAN and J. POTTER, JJ., concurred.

*Judgment reversed and new trial granted.*