GARDNER SAVINGS BANK *vs.* TABER-PRANG ART COMPANY.

Worcester.   October 3, 1905. — October 19, 1905.

Present: KNOWLTON, C. J., LATHROP, HAMMOND, LORING, & BRALEY, JJ.

*Corporation.   Words,* "Dividend."

The capital stock of a corporation, organized under the laws of the State of Maine, consisted of a certain amount of seven per cent cumulative preferred stock and a certain amount of common stock.  The by-laws provided that a certain amount of special preferred stock should "be entitled to annual dividends in preference to the remaining preferred stock, for the period of three years from the original issue thereof "; and that " the dividends on said remaining preferred stock shall accumulate during said three years to the extent that they are not paid."  No dividends of any kind were paid until long after the period of three years from the original issue of the stock had elapsed, and then a preferred dividend of seven per cent was declared on the special preferred stock only.  *Held,* that under the true construction of the by-law the dividend was lawful, and that the holders of the special preferred stock were entitled under the by-law to three dividends of seven per cent each in preference to the remaining preferred stock.

LATHROP, J.   The plaintiff in this bill in equity is the payee and owner of a promissory note for the sum of $16,200, signed by persons not parties to this suit.   The note is dated December 1, 1898, and is payable on demand.   The plaintiff also holds, as collateral security for the payment of the note, one hundred and sixty-two shares of the preferred stock, and three hundred and twenty-four shares of the common stock of the defendant.

The defendant was incorporated under the laws of the State of Maine in 1897.   It has its usual place of business, its officers, and all the property employed in its business at Springfield, in this Commonwealth.   Its capital stock is $550,000, divided into three thousand shares of seven per cent cumulative preferred stock, and twenty-five hundred shares of common stock.   A part of the preferred stock, namely, fifteen hundred shares, is known as the Springfield stock.

At a meeting of the board of directors of the defendant held at Springfield in January, 1904, a seven per cent dividend was declared upon the Springfield stock, but upon no other of the preferred stock.   This dividend was made payable on February

15, 1904; and this bill was filed in the Superior Court three days before the date when the dividend was payable. A temporary injunction issued. The case was afterwards heard and the bill was ordered to be dismissed, with costs. The case is before us on the plaintiff's appeal.

The controversy between the parties arises as to the construction to be given to article 1 of the by-laws of the defendant, a copy of which is annexed to the bill. It reads as follows:

"First. The capital stock of the corporation shall be five hundred and fifty thousand dollars ($550,000) divided into three thousand (3,000) shares of 7 per cent. cumulative preferred stock and twenty-five hundred (2,500) shares of common stock; the preferred stock to be preferred as to assets, and cumulative preferred as to dividends, and both the preferred and common stock to have a par value of one hundred dollars ($100) a share. Such of the preferred stock as is known as 'Springfield stock,' for which provision is hereinafter made, shall be entitled to annual dividends in preference to the remaining preferred stock, for the period of three years from the original issue thereof; but dividends may annually be declared on such remaining preferred stock, during said period, after said 'Springfield stock' shall have received its annual seven per cent., or the accumulations thereof, if the full amount is not paid in any one year. The dividends on said remaining preferred stock shall accumulate during said three years to the extent that they are not paid."

The period of three years from the original issue of the Springfield stock had elapsed long before the dividend in question was declared, and no dividend upon any of its stock had previously been declared by the defendant.

The contention of the plaintiff is that by the true interpretation of the by-law the Springfield stock was entitled to preference only for the period of three years from the original issue thereof, and that, this period having passed, the other preferred stock is entitled to share equally with the Springfield stock.

We are of opinion however that the judge of the Superior Court was right in dismissing the bill; and that the Springfield stock was entitled by the by-law to three dividends of seven per cent each, in preference to the remaining preferred stock.

If the corporation could not pay the full seven per cent in any one year, the unpaid amount was to accumulate and to be paid before payments were made on the other preferred stock.

The word "dividend" is not used in the by-law in a strictly accurate way. It is used rather in the sense of a payment to be charged upon the profits whenever they might be made. *Boardman* v. *Lake Shore & Michigan Southern Railway*, 84 N. Y. 157, 176. *Henry* v. *Great Northern Railway*, 1 DeG. & J. 606, 635, 641. *Sturge* v. *Eastern Union Railway*, 7 DeG., M. & G. 158. *Crawford* v. *Northeastern Railway*, 3 Jur. (N. S.) 1093. *Matthews* v. *Great Northern Railway*, 5 Jur. (N. S.) 284.

It was said by Lord Justice Knight Bruce, in *Henry* v. *Great Northern Railway*, that the word "dividend" "carries no spell with it"; and in that case he construed it to mean "share of profits." 1 DeG. & J. 642.

So in *Webb* v. *Earle*, L. R. 20 Eq. 556, where the directors of a limited company were authorized to issue preference capital, carrying a dividend at £10 per cent per annum, payable half yearly, it was held by Sir George Jessel, M. R. that if the profits of any year were insufficient to pay the dividend in full, the deficiency might be made good out of subsequent profits.

Of course, in this class of cases much depends upon the language used. In the case at bar all of the preferred stock was cumulative, but the Springfield stock was to be paid dividends in preference to the remaining preferred stock.

The case differs from that of *Staples* v. *Eastman Photographic Materials Co.* [1896] 2 Ch. 303, where the holders of preference shares were entitled "out of the net profits of each year to a preference dividend at the rate of 10*l.* per cent per annum." This was held by the Court of Appeals not to make the dividends cumulative; and the cases of *Henry* v. *Great Northern Railway*, and *Webb* v. *Earle, supra*, were thus distinguished.

*Decree affirmed.*

*T. B. Dunn,* for the plaintiff.

*J. B. Carroll & W. H. McClintock,* for the defendant.