FRANK BASSETT, appellant,

*v.*

UNITED STATES CAST IRON PIPE AND FOUNDRY COMPANY, respondent.

[Argued March 18th, 1909. Decided June 14th, 1909.]

The preferred stockholders of a corporation were entitled, under its certificate of incorporation, to non-cumulative dividends, not exceeding seven per cent. per annum, payable out of surplus net profits. The holders of common stock were entitled to dividends out of the surplus net profits remaining after the payment of dividends on the preferred stock. A reserve fund had been accumulated by the corporation, in part, by scaling down dividends on the preferred stock.—*Held*, that the payment of a subsequent dividend to preferred stockholders, out of so much of the reserve fund as had been so accumulated was not in derogation of the dividend rights of the common stockholders.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Howell, whose opinion is reported in *73 N. J. Eq. (4 Buch.) 668.*

*Messrs. Pilney, Hardin & Skinner,* for the appellant.

*Messrs. Lindabury, Depue & Faulks,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The contest in this case is over the right of the board of directors of the defendant company to declare a dividend on its preferred stock out of a fund known as "Reserve for additional working capital."

By the defendant's certificate of incorporation its preferred stock is entitled to non-cumulative dividends not exceeding seven per cent. per annum, payable out of any and all surplus net profits; and the common stock is entitled to dividends out of the surplus net profits remaining after payment of the dividends on the preferred stock.

The fund known as "Reserve for additional working capital" amounts to $2,459,896, and was accumulated from the surplus net profits for the years 1900, 1902, 1903, 1904 and 1906. Of this amount $1,593,750 was obtained by scaling down the dividends on the preferred stock below seven per cent. in four of these years.

The complainant is a holder of common stock of the defendant company. His contention in the court below, and here, was, and is, that the dividends on preferred stock for any fiscal year must be paid out of the profits made during that year; that the profits of any given year which are not distributed in dividends declared in that year belong to the common stockholders, and when distributed must be paid to them to the exclusion of the holders of preferred stock. The defendant's claim is that it may pay dividends on its preferred stock out of any and all surplus net profits, without regard to the period during which they were earned. The learned vice-chancellor who heard the cause adopts in his opinion the contention of the defendant upon this point.

It seems to us that neither the contention of the complainant nor that of the defendant is altogether sound. On the one hand the corporation has no right to accumulate a reserve fund from earnings which would otherwise be paid out as dividends to the holders of common stock, and afterward use it to pay dividends to the preferred stockholders, when the net profits of the year for which the dividend is declared are not sufficient for that purpose. On the other hand, when the reserve fund is accumulated, in whole or in part, by the cutting down of dividends which would otherwise have been paid to preferred stockholders, that fund, so far as it represents moneys so retained, is available for the payment of subsequent dividends upon the preferred stock. To yield to the contention of the complainant would be to permit the directors of the corporation to defraud the preferred for the benefit of the common stockholders; while to sanction the claim of the defendant would be to put it in the power of the directors to defraud the common for the benefit of the preferred stockholders. The dividend which the defendant proposes to pay to its preferred stockholders, and the payment of which the complainant seeks to enjoin, amounts to $218,750. The fund out of which it is proposed to pay it contains over a million dollars, which would have been heretofore paid in dividends to the preferred stockholders had not the directors of the company considered it wise to accumulate the fund as a reserve. So far as that fund is made up from moneys which would otherwise have been paid to the preferred stockholders, we concur in the conclusion of the vice-chancellor that it is available for the purpose of paying the dividend, which is the subject-matter of this controversy.

Except to the extent indicated, we are in entire accord with the views contained in the opinion of the learned vice-chancellor, and conclude that the decree under review must be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL—14.

*For reversal*—None.