CAROLINE M. THOMAS *vs.* LACONIA CAR COMPANY & others.

Suffolk.    December 4, 8, 1924. — February 28, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, & SANDERSON, JJ.

*Corporation,* Dividend, Officers and agents.

Allegations of a bill in equity by the holder of three hundred shares of preferred stock of a Massachusetts corporation against the corporation and those in control of its board of directors were, in substance, as follows: There were two classes of stock, common of no par value, and preferred with a par value of $100 entitled to dividends at seven per cent per year payable quarterly, cumulative, before any dividends should be paid on common stock with a preference over the common stock as to capital and accumulated dividends in case of liquidation. There had been a passing of dividends on preferred stock until, on January 1, 1924, there was an accumulation of $70 per share of passed dividends. The stockholders, by the vote required by statute, then voted to authorize a new class of stock called second preferred of no par value and entitled to dividends of $3.50 per share per year "when all dividends have [and?] accumulations accruing after January 1, 1924, on the preferred stock have been paid," with cumulative rights similarly conditioned and with no right to participate in assets on liquidation until the principal and unpaid and accumulated dividends on the first preferred stock had been paid, at which time the second preferred stockholders were to receive $70 per share and any accumulated dividends thereon before the common stockholders could participate. A large number of first preferred stockholders released their rights as to the accumulated dividends and accepted the second preferred stock in lieu thereof. The corporation had surplus available sufficient to pay all the accumulated dividends on the first preferred stock. The directors voted to pay a cash dividend on that stock at the prescribed rate only for a period following January 1, 1924. The plaintiff sought to enjoin purposed action of the directors in accordance with their vote and the shareholders' vote and to require application of a fund set aside for dividends to his dividends accumulated as of a period previous to January 1, 1924. *Held,* that

(1) The plaintiff's rights as a stockholder as between himself, the corporation, and other stockholders were contractual and the terms of the governing contract were to be found in the agreement of association and the applicable statutory provisions;

(2) A dividend is payable only when and not until it is declared;

(3) The amendment to the agreement of association did not impair the plaintiff's vested property rights and was valid and binding upon the plaintiff;

(4) It was within the power and authority of the directors in the exercise of sound discretion to decide, in view of the general financial

condition of the corporation and the funds available for dividends, whether the amount set aside should be appropriated to the partial payment of dividends which had accumulated, or whether the holders of preferred stock of record on June 24, 1924, should receive a dividend assigned to the period beginning at January 1, 1924;

(5) The directors had not acted unlawfully or without authority. If the plaintiff in a suit of the character above described intended to impeach the conduct of the director defendants as having been a breach of trust and therefore fraudulent, he should have so stated specifically in his bill: general suggestions and intimations were insufficient.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on June 26, 1924, and afterwards amended, by the holder of three hundred shares of the preferred stock of Laconia Car Company against that corporation, certain of its directors, and The First National Bank of Boston, seeking, by reason of allegations described in the opinion, besides general relief, the enjoining of a payment from $35,000, surplus set apart and in the possession of the defendant bank, of dividends upon the preferred stock of the defendant corporation at $3.50 per share for the period only from January 1, 1924, to July 1, 1924; that the defendants "be ordered to pay to the plaintiff as a preferred shareholder out of the profits and surplus in their hands and possession all accumulated dividends due and owing to her as such preferred shareholder"; that the defendants be enjoined "from taking any action, directly or indirectly, giving preference to the first preferred shareholders or any of them which the plaintiff does not receive," "from converting the net profits and surplus of the corporation and from issuing to the first preferred shareholders certificates of stock for second preferred shares," and "from taking any action, directly or indirectly, as voted in the meeting of the corporation held April 30, 1924."

The bill set forth a notice sent by a "preferred stockholders' committee" under date May 1, 1924, reading as follows:

"Boston, Mass., May 1, 1924.

"To the Stockholders of Laconia Car Company:

"At the adjourned meeting of the stockholders of the Company held on April 30, 1924, by a vote of more than three-fourths of both classes of stock, the amended plan for

funding accumulated dividends on the Preferred Stock by giving Preferred Stockholders Second Preferred Stock in place of their claims to accumulated dividends was approved in the form outlined in letter from Preferred Stockholders' Committee to Stockholders under date of April 10, 1924, and was declared by the Preferred Stockholders' Committee effective as of April 30, 1924.

"All preferred stockholders are now entitled to receive in place of each share of Preferred Stock which they now hold:

"1. One share of Preferred Stock with the following clause stamped on the face thereof:

'RELEASE OF BACK DIVIDENDS'

'All claims to accumulated dividends on stock represented by this certificate to and including January 1, 1924, have been released.'

"2. One share of Second Preferred stock, this Second Preferred Stock to be:

A. Without par value.

B. Entitled to dividends of $3.50 per share per annum cumulative for each year earned, all dividends and accumulations to be paid before any dividend can be paid on the Common Stock.

C. Callable at $70 a share.

D. Entitled to $70 a share upon liquidation or dissolution after the payment of $100 and accrued dividends to the present Preferred Stock.

"In order to insure making the above exchange on the most favorable basis Preferred Stockholders must deposit their stock duly endorsed with The First National Bank of Boston for exchange on or before July 31, 1924. After this date the exchange may be made only on such terms and conditions as the directors may hereafter provide.

"The new shares of Second Preferred Stock and the shares of Preferred Stock stamped in accordance with the vote passed will be ready for issue not later than June 2, 1924, on and after which date the stockholders who have deposited their stock with The First National Bank of Boston may receive the Preferred and Second Preferred Stock to which they are entitled upon surrender of their deposit receipts.

"To enable the Stockholders to pass any ratifying or confirmatory votes that may be found advisable to facilitate the carrying out of this plan, the meeting has been adjourned to May 28, 1924.

"The Directors expect shortly to declare current dividends on the Preferred Stock and to declare dividends on the Second Preferred Stock as earnings warrant. Application will be made to the Boston Stock Exchange to list the Preferred Stock on which accumulations of dividends have been waived. Preferred Stockholders who have not already deposited their stock are requested to deposit the same and make the exchange at the earliest possible moment."

The defendants demurred to the bill for want of equity. The demurrer was heard by *Carroll,* J., who ordered it sustained and reported his ruling to the full court for determination.

*W. P. Everts,* (*A. J. Aldrich* with him,) for the plaintiff.
*C. L. Favinger,* (*D. M. Hill & L. M. Lombard* with him,) for the defendants.

BRALEY, J. It appears from the material allegations of the amended bill, that the defendant corporation was organized under the laws of this Commonwealth March 4, 1912, with a capital of $2,000,000, one million of which consisted of preferred stock on which a cumulative dividend of seven per cent was payable quarterly, and one million of common stock. The shares of all the stock had a par value of $100, but on September 27, 1920, the common stock was changed to the same number of shares having no par value. The corporation September 30, 1923, had a surplus over the par value of the preferred stock of $830,635.48, and had paid dividends to April, 1914, but thereafter and to January, 1924, the dividends were passed, leaving on January 1, 1924, accumulated dividends amounting to $700,000, or $70 on every share. The plaintiff, the holder of three hundred shares of the preferred stock, brought the present suit June 26, 1924, to compel the corporation, and the individual defendants, its president and directors, to declare and pay to her the share of accumulated dividends to which she claims to be entitled.

The plaintiff's rights as a stockholder as between herself, the corporation, and other stockholders are contractual. *Page* v. *Whittenton Manuf. Co.* 211 Mass. 424, 427. The terms of the contract are to be found in the agreement of association as stated in the preferred stock certificates, and the provisions of the statute under which the corporation was organized, and has functioned. *Page* v. *Whittenton Manuf. Co., supra.* It is provided, that preferred stockholders shall be entitled to dividends at the rate of seven per cent per annum commencing April 1, 1912, and no more, payable from the surplus or net profits of the corporation quarterly on the first days of July, October, January and April. The dividends shall be cumulative and payable before any dividends on the common stock shall be payable or set aside; so that in any year that dividends amounting to seven per cent have not been paid, the deficiency shall be payable before any dividend shall be payable upon, or set aside for the common stock. A dividend however is payable only when it has been declared. The declaration of the dividend creates not only the dividend, but the right of the stockholder to demand and receive it. *Boston Safe Deposit & Trust Co.* v. *Adams*, 219 Mass. 175, 177. *Smith* v. *Cotting*, 231 Mass. 42. The certificate follows the power given to the corporation by St. 1903, c. 437, § 27, and the terms of the certificate mean that the plaintiff in common with stockholders of her class is to receive current and accrued dividends before the common stockholders can participate in the distribution of net profits. *Field* v. *Lamson & Goodnow Manuf. Co.* 162 Mass. 388, 394. *Gardner Savings Bank* v. *Taber-Prang Art Co.* 189 Mass. 363, 365.

It is alleged, that notwithstanding the contract and the surplus applicable to the payment of dividends, the defendants in violation of the plaintiff's rights illegally declined to make payment, and have unlawfully caused the surplus and net profits to be converted into capital assets without her consent which are to be shared in accordance with the votes of the stockholders at a special meeting held April 30, 1924. The business affairs of the corporation seem

to have gradually become unsatisfactory, and the efforts of the directors to devise some mode of relief culminated in calling this meeting when they submitted a plan of reorganization. It was voted to increase the capital stock by the issue of ten thousand shares of second preferred stock without par value to be disposed of as might be determined by the board of directors, and that the agreement of association and articles of association be amended by striking out the provisions as to preferred stock and. substituting other "Stock Provisions" which are fully stated in the record. The first paragraph of the first section of these provisions is the same as those of the certificate previously described. But this is followed by the provision, that "when all dividends have accumulations accruing after January 1, 1924, on the preferred stock have been paid, the Second Preferred stock shall be entitled to dividends at the rate of $3.50 a year and no more. Dividends on the Second Preferred stock shall be cumulative from the date of issue only for each fiscal year during which the earnings are in excess of an amount" necessary to pay current preferred dividends, accumulations on the preferred stock for the fiscal years since January 1, 1924, during which current dividends were not earned, and to "make up the deficiencies in the surplus caused by the payment of preferred dividends for any fiscal year since January 1, 1924, during which said dividends were not earned. . . . But in no case shall the dividends on the Second Preferred Stock be cumulative for an amount in excess of the amount by which the earnings exceed the above three limitations."

We assume, in the absence of any allegations to the contrary, that the reorganization was adopted by a vote of at least two thirds of each class of stock outstanding and entitled to vote. The alterations in its agreement of association, or articles of organization, and classification of stock, were therefore valid, and bound the plaintiff. St. 1903, c. 437, §§ 27, 40. G. L.,c. 156, §§ 14, 42. *Durfee* v. *Old Colony & Fall River Railroad*, 5 Allen, 230. *Page* v. *Whittenton Manuf. Co., supra.* We have not overlooked her contention, that the new stock provisions impaired the right of

sharing in the distribution of assets upon dissolution of the corporation. But under the new provisions she was entitled upon any liquidation, dissolution or winding up to be paid in full both the principal amount of her shares, and the unpaid accumulated or accrued dividends. The second preferred stockholders out of the assets remaining were to receive $70 a share, and any dividends accumulated or accrued thereon, and if any balance remained it was to be divided among the holders of the common stock. The original articles of organization as well as the new provisions having expressly provided, that in the event of liquidation the plaintiff shall be paid in full both the principal amount of her shares, and the unpaid dividends accrued thereon, there was no breach of contract, or impairment of vested rights to property. *Reynolds* v. *Royal Arcanum,* 192 Mass. 150. *Granara* v. *Italian Catholic Cemetery Association,* 218 Mass. 387.

The directors under the amended articles of organization sent to the plaintiff and other stockholders a letter formulating a plan by which stockholders should receive one share of second preferred stock without par value in exchange for a release of their dividends in arrears. It is immaterial that a large number of the preferred stockholders accepted the proposal, and surrendered their stock. The plaintiff, who did not assent, alleges, that the directors June 16, 1924, voted to pay a dividend of $35,000 on the preferred stock which amount has been deposited in the defendant bank, and is an indebtedness to her, and other preferred stockholders whose accumulated dividends have not been paid or released, to be ratably distributed. The declaration of a dividend, however, if justified by net profits, rested in the sound discretion of the directors unless they were controlled or limited by statute, charter, by-law or vote of the stockholders, to which no reference is found in the bill. *Fernald* v. *Frank Ridlon Co.* 246 Mass. 64. The directors were to decide in view of the general financial condition of the corporation and the funds available for dividends, whether the amount set aside should be appropriated to the partial payment of dividends which had accumulated, or whether the

preferred stockholders of record June 24, 1924, should be paid for the period from January 1, 1924, to July 1, 1924, a dividend of $3.50 a share. It is manifest, that no dividend has been voted on the common stock, and the dividend declared was payable to all preferred stockholders including the plaintiff.

The accumulated dividends were not as the plaintiff also contends a charge upon the fund which she can enforce. It never was appropriated for the specific purpose of paying her demands. The directors on the record did not act unlawfully and without authority, and if the plaintiff intended to impeach their conduct as having been a breach of trust and hence fraudulent, she should have specifically so charged; general suggestions or intimations are insufficient. *Barron* v. *International Trust Co.* 184 Mass. 440, 443. *Cosmopolitan Trust Co.* v. *S. L. Agoos Tanning Co.* 245 Mass. 69, 73.

The single justice correctly ruled that the demurrer should be sustained, and a decree dismissing the bill with costs is to be entered.

*Ordered accordingly.*