HELENE D. MORSE *vs.* BOSTON AND MAINE RAILROAD
& others.

Suffolk.     March 8, 9, 1928. — April 4, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Corporation,* Officers and agents, Dividend, Reorganization.  *Equity Juris-
diction,* To compel directors of corporation to declare dividend.

The right of stockholders in a corporation to a declaration of dividends
    rests in the sound discretion of the directors, fairly exercised, both on
    common and preferred stock, including noncumulative preferred stock.
Even if there are net profits of a corporation in a particular year not applied
    to the improvement of corporate property, a holder of noncumulative
    preferred stock is not entitled as of right to have dividends declared by
    the directors on his stock in that year.
The directors of a corporation were not deprived of their sound discretion
    with regard to the declaration of dividends by a vote of the stockholders
    to the effect that holders of certain preferred stock should be entitled to
    a dividend of a certain amount after the payment or setting aside of
    dividends on classes of stock having priority to the preferred stock.
A bill in equity against the directors of a railroad corporation by a holder
    of noncumulative preferred stock, seeking to have the defendants
    ordered to declare the dividends on the stock contained in the vote of
    the stockholders above described, alleged that there were surplus, profits,
    and income sufficient to pay such dividends; that the plaintiff ran the
    risk of losing the dividends entirely unless they were declared and paid
    forthwith; that the dividends should be paid in the best interests of the
    company and all its stockholders; and that the directors' prejudice
    against holders of other classes of stock who had not assented to a
    scheme of reorganization was unwarrantably visited on the holders of
    such preferred stock.  It appeared from the bill that the corporation
    had been reorganized, and that there were large amounts of bonds and
    stocks outstanding which had priority over the plaintiff's stock.  A de-
    murrer by the defendants was sustained.  *Held,* that no abuse of dis-
    cretion on the part of the directors was shown and that the demurrer
    properly was sustained.

BILL IN EQUITY, filed in the Supreme Judicial Court for
the county of Suffolk on March 8, 1927, and afterwards
amended, described in the opinion, against the Boston and
Maine Railroad and members of its board of directors.

The bill contained, in addition to the allegations described
in the opinion, allegations that there were sufficient accumu-

lated surplus, profits or other income available, after paying or setting aside dividends on stocks having priority over the preferred stock, to pay a six per cent dividend on the preferred stock for 1925, a six per cent dividend for 1926, and a three per cent dividend on March 1, 1927. There were other allegations in substance that the directors, in failing to declare such dividends, "have not exercised an honest judgment and an unprejudiced discretion," but acted improperly in violation of the rights of the preferred stockholders; that their conduct was not justified by the financial condition of the company; that the dividends should be declared and paid in the best interests of the company and all classes of stockholders; that the conduct of the directors inflicted substantial pecuniary damage upon the preferred stockholders because they ran the risk of losing their dividends entirely unless promptly declared and paid; and that the directors had no right to visit their resentment against nonassenting first preferred stockholders upon the preferred stockholders.

The defendants filed two successive demurrers to the bill and the bill as amended, substantially on the ground that it did not set forth any facts entitling the plaintiff to relief in equity. Interlocutory decrees were entered sustaining the demurrers by order of *Sanderson*, J., and of *Pierce*, J. A final decree dismissing the bill was entered by order of *Wait*, J. From the interlocutory and final decrees the plaintiff appealed.

*D. A. Ellis*, (*S. M. Whalen* with him,) for the plaintiff.
*F. H. Nash*, for the defendants.

CARROLL, J. The plaintiff, a holder of noncumulative preferred stock in the Boston and Maine Railroad, seeks in this suit in equity to have the directors ordered to declare a dividend of six per cent for the year 1925, and for the year 1926, and a dividend of three per cent as of March 1, 1927, on her stock. Demurrers to the bill were sustained and a decree was entered dismissing the bill. The plaintiff appealed.

The bill, in substance, alleges that the plaintiff's stock certificate contains a brief statement of her rights as established by a vote of the stockholders of April, 1926, to the effect that the holders of the preferred stock shall be entitled

to dividends at six per cent out of the net profits of the corporation after the payment or setting aside of an amount equal to all accrued and unpaid dividends of the prior preference stock and first preferred stock; that the profits available for dividends upon the first preferred stock shall after payment of dividends on the prior preference stock and first preferred stock be available for dividends on the preferred stock and "shall be so applied without reference to whether any dividends are paid in that year upon the common stock." It is also alleged that the preferred stock was originally issued in 1890, and has at all material times aggregated 31,498 shares of the par value of $3,149,800; that prior to the vote of the stockholders in April, 1926, no prior preference stock was authorized; that there is now outstanding $5,872,600 of this prior preference stock; that there is outstanding $38,817,900 of the first preferred; that by the plan of reorganization of the Boston and Maine Railroad dated September 1, 1925, the holders of the first preferred stock, who assented to the plan, were to surrender all accrued or accumulated and unpaid dividends up to July 1, 1925; that the accrued or accumulative dividends upon nonassenting first preferred stock to July 1, 1925, amounted to $2,347,-054.80 and have not been paid; that the amount of accumulated and unpaid dividends to July 1, 1925, inclusive, waived by assenting first preferred stockholders is $8,286,082.80; that the amount of dividends accumulated and unpaid to July 1, 1925, inclusive, applicable to stock of nonassenters is $2,655,877.80. It is further alleged that the corporation had a surplus of $9,262,589.95 at the beginning of the year 1925, a surplus of $12,557,433.42 at the end of 1925, and at the end of 1926 a surplus of $12,683,764.40; that the directors profess to entertain the view that this $8,286,082.80 (dividends not paid to the assenting stockholders) constitutes a gift to the company and that paying dividends without setting aside a sum equivalent to this would constitute a breach of trust.

The plaintiff contends that, considering the nature of the preferred stock and the contract of the railroad company in reference to it, as there is an adequate surplus she is as

matter of right entitled to the dividends sought, and if the board of directors have any discretion, it has not been properly exercised. The contention of the defendant is that the plaintiff as the holder of preferred stock is not entitled to dividends as of right but only in the discretion of the directors.

The right of a stockholder to a declaration of dividends rests in the discretion of the directors. This is a general rule applying to both preferred and common stockholders. This discretion is not absolute, but as long as it is fairly exercised the stockholder cannot complain. *Field* v. *Lamson & Goodnow Manuf. Co.* 162 Mass. 388. *Lee* v. *Fisk,* 222 Mass. 418, 421. *Fernald* v. *Frank Ridlon Co.* 246 Mass. 64. *Thomas* v. *Laconia Car Co.* 251 Mass. 529. *Adams* v. *Eastern Massachusetts Street Railway,* 257 Mass. 115, 131, 132. If a surplus exists it may in the judgment of the directors be applied to dividends or to improving the corporate property. The fact that the dividends are noncumulative does not alter this rule. If there was a surplus in the years 1925, 1926 and 1927 not applied to the company property, the plaintiff will not necessarily be deprived of her dividends for these years, although their declaration may have been postponed. " . . . where profits are made in a particular year, and they are not devoted to some corporate purpose, there is no reason why directors may not in a subsequent year declare dividends and pay them." *Collins* v. *Portland Electric Power Co.* 12 Fed. Rep. (2d) 671, 675.

The surplus may in the proper discretion of the directors be applied to the care and maintenance of the property of the company; but even if there were net profits not applied to the improvement of the corporate property in any particular year, the plaintiff would not be entitled as of right to have dividends declared in that year. While the holders of the preferred stock were entitled to dividends before the common stockholders, as stated by Harlan, J., in *New York, Lake Erie, & Western Railroad* v. *Nickals,* 119 U. S. 296, at page 307, the preferred stockholders "are not entitled of right, to dividends, payable out of the net profits accruing in any particular year, unless the directors of the company formally declare, or ought to declare, a dividend payable

out of such profits; and whether a dividend should be declared in any year is a matter belonging in the first instance to the directors to determine, with reference to the condition of the company's property and affairs as a whole." *Bassett v. United States Cast Iron Pipe & Foundry Co.* 5 Buch. 539. *Moran* v. *United States Cast Iron Pipe & Foundry Co.* 95 N. J. Eq. 389.

Decisions may be found which may seem to be in conflict with what has here been said — *Dent* v. *London Tramways Co.* 16 Ch. D. 344; *Belfast & Moosehead Lake Railroad* v. *Belfast,* 77 Maine, 445; *Burk* v. *Ottawa Gas & Electric Co.* 87 Kans. 6. We do not think, however, that these cases should be followed; on principle as well as on authority we believe the better rule to be that the declaration of dividends on the noncumulative preferred stock is within the sound discretion of the directors, taking into account the finances of the company, its obligations, its condition and all the matters which were for the consideration of the directors.

As we construe the vote regulating the noncumulative preferred stock and the stipulation contained in the plaintiff's certificate, this discretion was not taken away from the directors. There is nothing in these agreements requiring a declaration of dividends. The surplus fund was available for dividends; it is to be applied to this purpose "without reference to whether any dividends are paid in that year upon the common stock," and the preferred stockholders are to be preferred to the common stockholders, but the former were not entitled to dividends as of right and could not demand that they be declared from the surplus contrary to the discretion of the directors.

There is nothing in the allegations of the bill to show an abuse of discretion by the directors. Even if they are prejudiced against the nonassenting first preferred stockholders who refused to waive the accrued dividends, this does not indicate an abuse of discretion and a disregard for the best interests of all the stockholders including the holders of the preferred stock, and is not a sufficient reason for depriving the directors of the use of their best judgment in the management of the railroad property.

With a bond issue of $40,490,000, first preferred stock of $38,817,900, and prior preference stock of $5,872,600, upon which interest had to be paid and dividends declared before dividends were to be declared on the noncumulative preferred stock, and with the surplus shown, considering the past condition of the corporation, a wise discretion would call upon directors to hesitate before declaring dividends. We see no ground for deciding that this discretion was abused. The demurrers were sustained properly. The interlocutory decrees and final decree are affirmed.

*Ordered accordingly.*