ARTHUR W. JOSLIN *vs.* BOSTON AND MAINE RAILROAD & others.

Suffolk.    May 21, 22, 1930. — February 25, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Equity Pleading and Practice*, Reservation. *Corporation*, Dividends, Preferred stock, Officers and agents.

Upon reservation of a suit in equity for determination by this court upon the bill and answers, the facts set out in the bill and not denied in the answers and all facts well pleaded in the answers at variance with the allegations of the bill must be taken to be true.

A railroad corporation issued prior preference, first preferred, preferred, and common stock. Dividends on the first two classes were cumulative. The provisions respecting dividends on the preferred stock were that, after satisfying the requirements as to the prior preference and first preferred stock, they were "entitled out of the net profits or surplus of the corporation as determined from time to time by the board of directors according to law" "to semi-annual non-cumulative preferential dividends at the rate of 6% per annum. . . . It is understood that any accumulated surplus, undivided profits or other income available for the payment of dividends upon the first preferred stock shall, after the payment or setting aside of an amount equal to all accrued and unpaid dividends on the prior preference stock and the first preferred stock, be available for the payment of dividends on the preferred stock, and the same shall be so applied without reference to whether any dividends are paid in that year upon the common stock." All requirements as to dividends on the first two classes of stock were met. In the years 1925–1928, inclusive, no dividends were paid on the preferred stock, net earnings which otherwise would have been available for that purpose having been appropriated by the directors in the exercise of their discretion in good faith to the general improvement of the property of the corporation or to the right adjustment of its accounts as to depreciation in the value of some of its assets. After 1928, annual dividends were paid on the preferred stock and in 1930 a dividend also was declared on the common stock. *Held*, that the dividend on the common stock properly was declared without the surplus income then available

having been first applied to pay dividends on the preferred stock for the years 1925–1928, inclusive.

It *was stated*, that, so far as reasonably practicable, there should be harmony of view in courts exercising jurisdiction within the same State concerning a matter of general commercial law touching the interpretation of contracts founded on certificates of stock in corporations; and consequently, the United States Supreme Court having made a decision in *Wabash Railway* v. *Barclay*, 280 U. S. 197, on substantially the same facts as those above set out, and the implications of this court in its decisions being slightly of the same tenor, that decision of the United States Supreme Court was adopted as decisive of the principle above described.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on February 25, 1930, and afterwards amended, described in the opinion.

By order of *Sanderson*, J., the suit was reserved for determination by the full court upon the bill and answers.

*J. T. Pugh*, (*R. E. Joslin* with him,) for the plaintiff.

*F. H. Nash*, for Boston and Maine Railroad and its directors.

*M. E. Foster*, (*J. L. Hall* with him,) for Boston Railroad Holding Company.

RUGG, C.J.    This suit in equity is brought by the owner of shares of preferred stock in the defendant railroad corporation (hereafter called the railroad) against the railroad, its directors, and the Boston Railroad Holding Company, the owner of a large number of shares of the common stock as well as of some shares of preferred stock in the railroad.    The objects of the suit are (1) to enjoin the payment by the railroad of any dividend upon its common stock until there shall have been declared and paid to holders of its preferred stock dividends unpaid for 1925, 1926, 1927 and 1928, and (2) to order the amount of a dividend declared upon common stock in February, 1930, to be paid to holders of preferred stock.

The case was reserved for determination upon the bill and answers.    Therefore, the facts set out in the bill and not denied in the answers, and all facts well pleaded in the answers at variance with the allegations of the bill, must be taken to be true.    *Perkins* v. *Nichols*, 11 Allen, 542, 544.    *Public Service Commissioners* v. *New England*

*Telephone & Telegraph Co.* 232 Mass. 465, 466.   *Polish Political Club* v. *Cloper,* 260 Mass. 559, 560.   One paragraph of the answer of the railroad contains a demurrer.

The relevant facts are these: There are four classes of stock in the railroad termed respectively prior preference, first preferred, preferred, and common.   The first two are each expressly entitled in the order named to stated cumulative dividends out of net profits or surplus in preference to stock of junior grades.   Dividends on those two classes of stock have been paid and no question arises concerning them.   The rights of the stock held by the plaintiff, that is, of the preferred stock, are expressed in these words: " The holders of the preferred stock shall be entitled out of the net profits or surplus of the corporation as determined from time to time by the board of directors according to law, after the payment or setting aside of an amount equal to all accrued and unpaid dividends on the prior preference stock and first preferred stock which may be from time to time outstanding, to semi-annual non-cumulative preferential dividends at the rate of 6% per annum . . . . It is understood that any accumulated surplus, undivided profits or other income available for the payment of dividends upon the first preferred stock shall, after the payment or setting aside of an amount equal to all accrued and unpaid dividends on the prior preference stock and the first preferred stock, be available for the payment of dividends on the preferred stock, and the same shall be so applied without reference to whether any dividends are paid in that year upon the common stock."   No dividend has been declared upon preferred stock for the years 1925, 1926, 1927 and 1928, but since 1928 such dividends have been declared and duly paid.   The amount of the dividends on the entire outstanding preferred stock unpaid for the years in question is $755,952.   The directors of the railroad, in February, 1930, declared a dividend of one per cent, equal to $395,051, upon the common stock payable on April 1, 1930.   The amount of this dividend, in the opinion of the directors, is surplus available for dividends.   Divi-

dends on preferred stock were not paid for the years in question because in none of those years were the net profits or surplus of the railroad sufficient, in the judgment of the directors, to justify the declaration of such dividends; but, on the contrary, no part of its earnings could, consistently with its obligations to its stockholders and its duties to the public in the safe and efficient maintenance of its property and service, have been distributed in dividends to holders of preferred stock, and its surplus earnings have been actually appropriated to fixed and permanent improvements and additions to property and equipment to enable it adequately to discharge its public duties. In support of that judgment of the directors there is set out in detail in the answer of the railroad its financial condition in each of those years. During those years amounts appropriated out of income to improvements and additions and charged to operating expenses aggregated approximately $12,000,000, and those charged to surplus were in excess of $800,000. In the view that we take of the case, it is not necessary to analyze the financial condition disclosed by the answer. The railroad by its declaration of a dividend upon the common stock concedes that at least there is the equivalent of the sum so declared in its net profits and surplus, not necessary, in the judgment of the directors, for the care, maintenance and operation of its property and business. On this record it may be assumed that there has been in each of the years in question an amount of net earnings sufficient to pay dividends on the preferred stock appropriated by the directors to the general improvement of the property of the railroad, or to the right adjustment of its accounts as to depreciation in the value of some of its assets.

The issue between the parties is thus sharply drawn. The plaintiff contends that, since there is now net income available according to the determination of the directors for dividends upon the common stock, such net income must be devoted exclusively to the payment of dividends

upon the preferred stock for the years in question when no dividends have been paid on that stock, and that no dividends can lawfully be paid on the common stock until all such unpaid dividends on the preferred stock have been paid in full.

The relationship of the parties for the purposes of the present case is contractual. The decision depends upon the correct construction of the language of the paragraph creating the preferred stock viewed as a contract. *Thomas v. Laconia Car Co.* 251 Mass. 529, 533. *Page v. Whittenton Manuf. Co.* 211 Mass. 424, 427. That language must be interpreted in the light of general principles governing the management of all corporations. Accumulated profits or surplus gives to stockholders no right to distribution of income in the form of dividends until the directors in their sound discretion vote to declare a dividend. This discretion is not absolute. It must be exercised in good faith according to law, and not in violation of the rights of the stockholders. While it must also be exercised with reasonable intelligence, the court will not undertake to review conduct based on honest judgment. This rule applies to holders of preferred as well as of common stock. This rule has been followed without deviation for many years in this Commonwealth. *Field v. Lamson & Goodnow Manuf. Co.* 162 Mass. 388, 395, 396. *Fernald v. Frank Ridlon Co.* 246 Mass. 64, 71, 72 and cases cited. *Boston Safe Deposit & Trust Co. v. Commissioner of Corporations & Taxation,* 262 Mass. 1, 5, and cases cited. *Brown v. Little, Brown & Co. (Inc.)* 269 Mass. 102, 117. *Anderson v. Bean,* 272 Mass. 432, 444, and cases cited. Investors buy and retain their holdings in stock of corporations subject to these established principles.

In the case at bar the plaintiff does not impute to the directors any moral delinquency, but expressly disclaims it. This is equivalent to an admission that there is no ground for the contention that the directors have not exercised their sound discretion in all that has been done. There is no basis for an inference that their conduct has

been with respect to the plaintiff " fraudulent in law as a violation of express or implied fiduciary relations." (269 Mass. 102, at page 117.)

Rights of holders of this class of stock in the railroad were considered in *Morse* v. *Boston & Maine Railroad*, 263 Mass. 308. That case arose on demurrer to the plaintiff's bill. The essential facts assumed to be true for the purpose of that decision were that there were net profits (in addition to an adequate surplus) available for dividends on the preferred stock which the directors refused to appropriate to the declaration of such dividends. The contention of that plaintiff was that she was entitled as of right to dividends upon her stock. It there was said that, " even if there were net profits not applied to the improvement of the corporate property in any particular year, the plaintiff would not be entitled as of right to have dividends declared in that year. While the holders of the preferred stock were entitled to dividends before the common stockholders, as stated by Harlan, J., in *New York, Lake Erie, & Western Railroad* v. *Nickals*, 119 U. S. 296, at page 307, the preferred stockholders ' are not entitled of right, to dividends, payable out of the net profits accruing in any particular year, unless the directors of the company formally declare, or ought to declare, a dividend payable out of such profits; and whether a dividend should be declared in any year is a matter belonging in the first instance to the directors to determine, with reference to the condition of the company's property and affairs as a whole.' " It was held that, upon the agreements underlying the preferred stock as to dividends, " this discretion was not taken away from the directors. There is nothing in these agreements requiring a declaration of dividends. The surplus fund was available for dividends; . . . and the preferred stockholders are to be preferred to the common stockholders, but the former were not entitled to dividends as of right and could not demand that they be declared from the surplus contrary to the discretion of the directors." The question decided in that case does not reach to the one here

presented.    But that decision and the general principles already stated adumbrate against the contention of the present plaintiff.

In *Wabash Railway* v. *Barclay*, 280 U. S. 197, the plaintiffs, holders of a class of preferred stock in a railroad corporation, sought a judicial declaration that they were entitled to receive preferential dividends for past years, to the extent that they were earned and unpaid, before dividends were paid upon junior stock.    Net earnings for those years, which could have been used for dividends, were expended upon improvements and additions to the property and equipment of the road.    Those expenditures were proper and made in good faith, although the money might have been applied to the dividends in question. The corporation, having become more prosperous, determined to pay current dividends not only upon stock of the class owned by the plaintiffs but also upon junior stock, without declaring dividends upon stock of the class owned by the plaintiffs for the past years when there had been no dividends.    The dividend rights and obligations attaching to the stock of the class owned by the plaintiffs were stated in the certificates of stock in these words: " The holders of " such stock " shall be entitled to receive preferential dividends in each fiscal year up to the amount of five per cent. before any dividends shall be paid upon any other stock of the Company, but such preferential dividends shall be non-cumulative."    It was held that the plaintiffs were not entitled to prevail. It seems to us that no sound distinction can be drawn between the terms of the preference as to dividends of the stock held by the plaintiffs in that case and the terms of the preference as to dividends of the stock held by the plaintiff in the case at bar.    In each it is non-cumulative. In each reference is made to the current year for the preference over junior stock.    There are no essential differences.    Touching the point here to be decided, such variations as exist relate to the diction and not to the idea.    The argument of the plaintiff in its main features and in its citation of authorities rests upon propositions

and decisions which were either expressly overruled or deliberately ignored in *Wabash Railway* v. *Barclay*, 280 U. S. 197. It is not necessary for us to review those authorities and examine those propositions. They gain no support from anything decided in *Morse* v. *Boston & Maine Railroad*, 263 Mass. 308. The decision in *Wabash Railway* v. *Barclay* must be followed by all other Federal courts. It relates to a. matter of general commercial law touching the interpretation of contracts, founded on certificates of stock in corporations. It is desirable that, so far as reasonably practicable, there should be harmony of view concerning such a matter in courts exercising jurisdiction within the same State. See *Union Trust Co.* v. *McGinty*, 212 Mass. 205, 206, 208; *Nashua River Paper Co.* v. *Hammermill Paper Co.* 223 Mass.. 8, 19. As already remarked, the implications of our own decisions are slightly against the contentions of the plaintiff. Without further discussion we adopt the decision in *Wabash Railway* v. *Barclay* as decisive of the point here to be decided.

It is not necessary to consider whether the directors of the railroad corporation may exercise their discretion to pay dividends on preferred stock for the years here in question. They have not done so. That point is not involved on this record.

*Bill dismissed.*