PAUL F. WALSH & another *vs.* COMMISSIONERS OF CIVIL SERVICE.

Suffolk.     December 10, 1937. — May 24, 1938.

Present: RUGG, C.J., FIELD, LUMMUS, QUA, & COX, JJ.

*Civil Service.     Quincy.*

Spec. St. 1919, c. 134, § 2, placing in the board of managers of a hospital maintained by the city of Quincy "the authority to employ and remove . . . all . . . agents and employees," did not remove such agents and employees of that city from the operation of the civil service law, which had been adopted by the city.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on October 5, 1937, for a writ of mandamus.

The petition was ordered dismissed and the case was reported by *Pierce,* J.

*A. I. Burgess,* for the petitioners.

*R. Clapp,* Assistant Attorney General, for the respondents.

*J. D. Smith,* by leave of court, submitted a brief as *amicus curiae.*

RUGG, C.J.     This is a petition for a writ of mandamus to command the respondents to refrain from causing the removal of the petitioners from their positions as employees of the Quincy City Hospital. There was a hearing upon the petition and answer by a single justice, who made an order dismissing the petition and then reported the case upon the petition and answer for the determination of the full court. In these circumstances, there can be no dispute as to the facts. *Joslin* v. *Boston & Maine Railroad,* 274 Mass. 551, 552. The events material to the grounds of this decision are these: Pursuant to the authorization of

Spec. St. 1919, c. 134, the city of Quincy established a hospital for the treatment of those who require temporary medical or surgical relief and treatment for sickness or injuries. The petitioners were employed as ambulance drivers under the board of managers of the hospital, but not in accordance with the civil service laws. The city of Quincy had adopted the provisions of the civil service laws applicable to municipal employees prior to the enactment of said c. 134. By that chapter the general management, care and control of the hospital and "the authority to employ and remove superintendents, nurses, attendants, and all other agents and employees" were vested in a board of managers. An eligible list from which persons may be chosen for positions such as those held by the petitioners has been set up by the respondents in accordance with the civil service law. The respondents have advised the board of managers that the petitioners were employed in violation of the civil service laws and must be suspended or discharged. The question to be decided is whether the petitioners are subject to, or are exempt from, the operation of the civil service laws and rules, G. L. (Ter. Ed.) c. 31, which apply generally to all employees of Quincy.

It is argued in behalf of the petitioners that the authority conferred by the words already quoted from said c. 134, touching employment and removal of agents and employees of the hospital, gives to the board of managers sweeping and unrestricted power, free from limitations upon the extent of their competency. The principle is invoked that, when the General Court deals in a comprehensive way with an entire subject, previous conflicting provisions of law are not designed to be continued. *Godfrey* v. *Building Commissioner of Boston,* 263 Mass. 589, 592. Another doctrine relied upon by the petitioners is that a special statute enacted with reference to the needs of a particular community prevails over a previous inconsistent general law. *McKenna* v. *White,* 287 Mass. 495, 499. *Clancy* v. *Wallace,* 288 Mass. 557, 564. Those principles do not support the contentions of the petitioners in the conditions here disclosed. There is no conflict between said c. 134 and

the civil service law, G. L. (Ter. Ed.) c. 31. The words "employ and remove," or other equivalent phrases standing alone without qualification in statutes respecting public employment, do not ordinarily render inapplicable the civil service laws. It is to be presumed that the General Court, in enacting said c. 134, was not unmindful of the general civil service law. *Devney's Case*, 223 Mass. 270, 271. *Boston & Albany Railroad* v. *Public Service Commissioners*, 232 Mass. 358, 361. A statute is to be interpreted with reference to the preëxisting law. *Brown* v. *Robinson*, 275 Mass. 55, 57. *Lowell Co-operative Bank* v. *Dafis*, 276 Mass. 3, 7. If reasonably practicable, it is to be explained in conjunction with other statutes to the end that there may be an harmonious and consistent body of law. *Morse* v. *Boston*, 253 Mass. 247, 252. *Kelley* v. *Jordan Marsh Co.* 278 Mass. 101, 111. Statutes "alleged to be inconsistent with each other, in whole or in part, must be so construed as to give reasonable effect to both, unless there be some positive repugnancy between them." *Brooks* v. *Fitchburg & Leominster Street Railway*, 200 Mass. 8, 17. The public policy established by the civil service laws, the promotion of the general welfare arising from the enforcement of those laws, and the advantage to individuals from securing protection in their tenure of employment, are so significant that it would be difficult to reach the conclusion that employment and removal of employees of the Quincy City Hospital by the board of managers were not subject to the civil service laws. *Goodale* v. *County Commissioners of Worcester*, 277 Mass. 144, 151. If a result of that nature had been intended, explicit words would naturally have been used to make clear the meaning that such power was free from the operation of the civil service laws. Expressions are not infrequent in statutes that appointments shall not be subject to the provisions of G. L. (Ter. Ed.) c. 31. See G. L. (Ter. Ed.) c. 8, § 4; c. 9, § 2; c. 17, §§ 6, 7; c. 19, § 4. There are instances with reference to important executive and administrative departments where the power to appoint and remove is conferred without express provision that the civil service laws shall be applicable. G. L. (Ter.

Ed.) c. 7, § 6; c. 10, § 20; c. 11, § 6; c. 13, § 3; c. 14, § 4; c. 15, § 5; c. 16, § 4; c. 18, §§ 4, 14; c. 20, § 4; c. 22, § 6. It hardly can be thought that all persons employed in those departments were intended not to be under the protection of the civil service laws.

The petitioners also invoke the provisions of G. L. c. 31, § 50, respecting the civil service, which is in these words: "Nothing in this chapter shall repeal, amend or affect any special provision of law relative to any city or town, or extend to any city or town any provision of law to which it is not now subject." That section has no bearing on the present case. Said c. 134 made no special provision for the employees of the Quincy City Hospital different from those generally applicable to municipal employees under said c. 31. It affords no "special provision of law" upon which said § 50 can operate, because the city of Quincy had, prior to 1919, adopted the civil service laws applicable to its employees.

*Order dismissing petition affirmed.*