Vanderwerker *v.* Vanderwerker.

SARATOGA SPECIAL TERM, October, 1849. *Willard,* Justice.

## LAWRENCE VANDERWERKER *vs.* ADAM VANDERWERKER and others.

Where a devise of lands, in a will executed previous to the revised statutes, contains no words of inheritance, only a life estate passes to the devisee.

The introductory clause of a will evincing the intent of the testator to dispose of all his wordly estate, will not have the effect to enlarge the estate devised ; unless the words of disposition in the clause of devise, are connected, in terms or sense, with the introductory clause, and import more than a mere description of the property.

A charge, in order to carry a fee, by implication, when the devise is without words of limitation, *must be upon the person of the devisee, in respect to the lands devised.*

Who are necessary parties to a bill for a partition.

When, and on what terms, bills for partition may be amended.

THE bill in this cause was filed for the partition of three several pieces of land, of which it was claimed that the parties were tenants in common, as the heirs, and grantees of the heirs, of Abraham Vanderwerker, a deceased brother of the plaintiff, who died in the fall of 1841, intestate. The title of Abraham Vanderwerker to the lands in question was derived from the last will and testament of his father Hendrick Vanderwerker, bearing

date June 9, 1815. Hendrick, the testator, died on the 24th of April, 1816. The bill alledged that Abraham took a fee, under the will, and the respective rights of the parties as set forth in the bill, rest upon that assumption.

The bill was taken as confessed by all the defendants except certain infant heirs. Susan Bloore, the infant heir of Joshua Bloore deceased, put in an answer, by her guardian, in which she insisted that Abraham Vanderwerker took only a life estate under her father's will.

*J. Lawrence,* for the plaintiff.

*Geo. W. Kirtland,* for the defendants.

WILLARD, J. The first question to be examined in this case is as to the true construction of the will of Hendrick Vander-werker, with respect to the devise to Abraham. The testator, by his will, devised all his estate, real and personal, to his wife during her widowhood, charged with the payment of his debts and the support of his minor children, and after her death he devised specific portions of his real estate, described by metes and bounds, to each of his sons, Rolf, Peter, Lawrence, Adam and Cornelius, and to their heirs and assigns forever. He devised his grist mill to his sons George and Henry, charged with the payment of $250 to each of his daughters Getty, Anna and Maria, in one year after the death of his wife ; and he directed that if any debts should remain, after the death of his wife, justly chargeable against the estate thereby devised, they should be paid, one half by George and Henry, and the other half by the other sons before named. He also gave to Henry one acre of land adjoining to the west of his lease lot, with an equal share of the wood lot on the north side of the road, and one acre of the island. Then follows the devise to Abraham, which is in these words—"And I do hereby give and bequeath unto my unfortunate son Abraham, who seems to have such an impediment that I think he will never be able to get his living, a certain part of the farm whereon I now live, [describing it by

metes and bounds,] the said piece of land to be under the imme-
diate care of my executors hereinafter named, and to be kept
by them for the purpose of supporting the said Abraham; and
further, that the rent arising yearly for the use of the ground
and water for the carding machine to be under the care of my
executors, and to be appropriated for the support of the said
Abraham, with one quarter of an acre of land just east of Rol-
liff's dwelling house, for a building lot. And admitting that
the said Abraham should, after he arrives to full age, be capa-
ble of acting and conducting business for himself, then and in
such case the executors are released from any further care by
putting the said Abraham in possession of the property hereby
willed unto him. *And it is to be understood that all the landed
property, with the mills hereby willed and bequeathed unto the
several male heirs hereinbefore named, is willed and bequeath-
ed subject to maintenance of my unfortunate son John Vander-
werker, who, from his habits of intemperance, is incapable of
taking care of any property, and that the said John have his
liberty to live with any or either of his brothers, as may best
suit him; any thing herein to the contrary notwithstanding.*"
The testator's son Abraham was *non compos mentis* at the date
of the will, and so continued until his death.

There are no words of inheritance in the devise to Abraham,
as there are in the devises to the other heirs; and as the will
took effect in 1816, it is contended that only a life estate passed
to Abraham; and such is the general rule of law. But the
plaintiff insists that the introductory clause of the will affords
evidence that the testator intended that a fee should pass to
Abraham. The language is, " as touching such worldly estate
as it hath pleased God to bless me with in this life, I do give
and dispose of the same in the following manner and form."
It is fairly deducible from the decision of the court of errors in
*Barheydt* v. *Barheydt*, (20 *Wend.* 576,) that the introductory
clause of a will evincing the intent of the testator to dispose of
all his worldly estate, has not the effect to enlarge the estate
devised, unless the words of disposition in the clause of devise
are connected, in terms or sense, with the introductory-clause,

and import more than a mere description of the property. The cases on this point are well collected and reviewed by Barculo, J., in *Olmsted* v. *Harvey*, (1 *Barb. S. C. Rep.* 109,) which was affirmed by the court of appeals. (1 *Comst.* 483.) This case is in point, and settles the question against the construction contended for by the plaintiff.

It is contended in the next place, that Abraham is *personally* charged with a proportionate share of the support of John, and that the devise for life is thus, by implication, enlarged into a fee. I do not so understand the devise to Abraham. The devise to him was intended for his support, and the executors were made his trustees. There is no charge in the will either upon him, personally, or upon the estate devised to him. The whole will must be taken together. It can hardly be supposed that the testator intended that John should reside with his son Abraham, who was then an infant and an idiot, and for whose support he had just made a provision. The will is satisfied by referring that clause to the other brothers of John, to whom the other portions of the testator's estate were given in fee.

But again; a charge, to carry a fee, by implication, when the devise is without words of limitation, *must be upon the person of the devisee, in respect to the lands devised.* This was so held in *Olmsted* v. *Harvey*, (1 *Barb. S. C. Rep.* 102,) and affirmed on appeal. (1 *Comst.* 483.) This doctrine is well established. (*See Spraker* v. *Van Alstyne*, 18 *Wend.* 205 ; *Fox* v. *Phelps*, 17 *Id.* 393 ; *Jackson* v. *Ball*, 10 *John.* 143 ; *Barheydt* v. *Barheydt*, 20 *Wend.* 580.) There is no charge, in this case, of the support of John upon the person of Abraham. There is therefore no ground for enlarging the life estate into a fee. Abraham took merely an estate for life in the several premises devised to him ; and as the remainder was undisposed of by the will, it descended to the heirs of the testator, subject to the life estate of Abraham. None but the heirs of the testator Hendrick, and those who have succeeded to their rights, were proper parties to the bill.

It is set up on the part of the defendants, and is proved, that Joshua Bloore, in his lifetime, acquired the titles of Henry H.

Vanderwerker and wife, Peter H. Vanderwerker and wife, Adam Vanderwerker and wife, and Roliff H. Vanderwerker, making in all, four-ninths of the premises in question. Bloore died in 1843, leaving a widow and one child, Susan, an infant. Of course, Susan is entitled to four-ninths of the premises, subject to the dower of her mother therein, and to the dower of Margaret, the widow of Roliff Vanderwerker, in one ninth of the same. George Vanderwerker, one of the heirs of Hendrick, was entitled to the one ninth in the two first pieces of land, but having, in 1836, conveyed his interest in the carding machine property to Elijah House, those who have succeeded to the rights of the latter should be made parties, with respect to that property. Elijah House died intestate. The widow intermarried with Wm. T. Seymour, and is entitled to be endowed in the one ninth of the carding machine lot and water power. His four children, Abbe M., James, Ira, and Elijah S., are each seised in fee in the undivided one third of one ninth of the same property, subject to the right of dower of their mother. The other heirs of the testator, Lawrence the complainant, Henry G. Walden and Getty his wife in right of the said Getty, John Fox and Maria his wife in right of said Maria, are each seised of an undivided one ninth of said premises. Jesse D. Vanderwerker and Caroline Vanderwerker the children of the said Cornelius, a deceased son of the testator, are each seised of an undivided one half of one ninth of said premises.

The above are all the persons who are necessary parties to the bill. The grantors of Bloore are not proper parties. No relief is prayed for or against them in that character, and having parted with their title they have no concern in the partition. It is quite obvious that the bill, in its present shape, can not be sustained. (*Burhans* v. *Burhans,* 2 *Barb. Ch. Rep.* 407.)

The remaining question is whether the bill should be dismissed, without prejudice, or should be amended upon terms. When the objection to the bill, for defect of parties, is taken in the answer, the complainant, if the objection be true, should amend and bring the requisite parties before the court, and dismiss his bill as to those who are improperly made parties. If

in such case he lies by till the hearing, the court will dismiss the bill altogether, unless, in its discretion, it will permit an amendment. The practice in this respect is stated at length by the chancellor in *Van Epps* v. *Van Duesen*, (4 *Paige*, 75, 76.) The policy clearly indicated by the code of procedure is to allow an amendment in cases like the present. (*Code*, § 173.) I shall therefore allow the complainant sixty days within which to amend his bill by adding to and striking out parties, and making such other changes as may thus become necessary, on the payment of the costs which have been incurred by the infant defendant Susan Bloore subsequent to appearance. And on his failing to do so, the bill must be dismissed with costs, but without prejudice.

