LEONARD JONES, Respondent, *v.* THE VAN HEUSEN CHARLES COMPANY, Appellant.

Third Department, November 26, 1930.

*Cooper, Erving & Savage* [*B. J. Savage* of counsel], for the appellant.

*J. S. Frost*, for the respondent.

VAN KIRK, P. J. A dismissal of the complaint, because of failure to state sufficient facts, has been denied.

The defendant is a corporation; the plaintiff one of its stockholders. The gravamen of the complaint is, *first*, that " the directors of the defendant have acted " in bad faith in failing to declare dividends; *second*, that, while withholding dividends, these directors have from time to time distributed earnings and surplus among themselves as salaries, commissions and allowances for expenses and pleasure trips greatly in excess of reasonable compensation, all without legal right and with a deliberate purpose of distributing to themselves to the exclusion of plaintiff. It appears also in the complaint that the issued share capital of the corporation is 770 shares of $100 each, a majority of which is owned or controlled by the directors; of the four directors a majority hold salaried positions; since April, 1896, plaintiff has owned five shares of the stock; one

dividend of two per cent was declared in that year and no dividend has since been declared, though at all times there has been a large surplus, which surplus at the time the action was begun amounted to more than $800,000.

This stockholder's action is brought on behalf of all others similarly situated to compel payment of dividends and in aid thereof facts are alleged which, if supported by proof, would justify a judgment requiring the restoration of moneys which have been unjustly paid to officers for salaries and allowances for disbursements in excess of fair compensation and reimbursement. The demand for judgment is no part of the statement of a cause of action and does not enlarge its scope. I find no allegation in the complaint which would justify the appointment of a receiver or a formal accounting. Plaintiff's investment is not in jeopardy. He may have all the relief which he is seeking and to which he is entitled without a receiver or a formal accounting. (*Petty* v. *Emery*, 96 App. Div. 35; *O'Brien* v. *Fitzgerald*, 6 id. 509; affd., on opinion below, 150 N. Y. 572; *McHenry* v. *Jewett*, 90 id. 58.) He may of course show the financial and property conditions of the corporation, the amount of quick assets which should be retained in the treasury for working capital and any other facts which will tend to show whether dividends have been arbitrarily passed. Such proof will be presented in aid of the redress the plaintiff seeks. I find no charge of wrongdoing against the corporation; every such charge is directly made against directors and officers. It is the misconduct and mismanagement of directors of which complaint is made.

Unless otherwise provided by statute or charter, authority to declare dividends rests solely in the discretion of the directors. (14 C. J. 807, 808.) The directors also make allowances for salaries and expenses. The corporation as such can do neither.

The right to bring an action based upon the misconduct or mismanagement of directors rests in the corporation. (*Flynn* v. *Brooklyn City R. R. Co.*, 158 N. Y. 493, 507, 508; *Niles* v. *N. Y. C. & H. R. R. R. Co.*, 176 id. 119, 124, 125; *Kavanaugh* v. *Commonwealth Trust Co.*, 181 id. 121.)

The general rule is that a stockholder may not maintain such an action, but a stockholder may maintain such an action in equity after demand has been made upon the corporation to bring the action and it has refused. In such case an allegation of the demand and refusal is an essential averment in the complaint. (*Flynn Case, supra*, 508.) Or, as in this case, when it appears that the control of the corporation is in the directors whose acts are questioned, a demand that the corporation bring the action would be futile and a stockholder may prosecute the action without

alleging demand and refusal. (*Sage* v. *Culver*, 147 N. Y. 241, 246, 247; *Niles Case, supra,* 124.) It appears that the control of the affairs of the defendant corporation is solely in the hands of the directors whose acts are questioned. As a general rule courts have nothing to do with the internal management of business corporations, but, if the acts of directors are so unjust as to be evidence of fraud and intentional wrong, the courts may act. They may not compel directors to act wisely, but may compel them to act honestly. (*Flynn Case, supra,* 507.)

A stockholder may maintain an action to compel directors in a proper case to declare dividends. (*Kassel* v. *Empire Tinware Co.,* 178 App. Div. 176; *Hiscock* v. *Lacy,* 9 Misc. 578; *Dodge* v. *Ford Motor Co.,* 204 Mich. 459; 3 A. L. R. 413.) But " a stockholder may not maintain an action against a corporation to recover a dividend until one has been declared." (*Godley* v. *Crandall & Godley Co.,* 212 N. Y. 121, 128.)

*Hiscock* v. *Lacy* (*supra*) was a stockholders' action to compel payment of dividends, brought against a National bank and its directors. The argument in that case applies very directly to the present case. It is said (p. 593): " Primarily the corporation has the right, * * * to call the directors to account, but as this is not practicable while the same persons continue directors, the stockholders may commence the action in their own names on making the corporation a party defendant." A number of cases are cited in which the directors of the corporation are required to act or are restrained from acting. And on page 597, quoting from Kerr Business Corporations, 189: " Should the directors act illegally, wantonly or oppressively, and willfully abuse their discretion in refusing to declare a dividend, where the right to one is clear, and there are funds from which it can properly be made, a court of equity will compel the directors or trustees to declare and pay such a dividend as the funds accumulated will warrant." And in that case a judgment was entered requiring the directors to declare dividends. *Dodge* v. *Ford Motor Co.* (*supra*) is an action brought against the corporation and the directors and resulted in a decree that the directors should declare a specific dividend. (*Nauss* v. *Nauss Brothers Co., No. 1,* 195 App. Div. 318, 327.)

In *Godley* v. *Crandall & Godley Co.* (*supra*) the court said: " There is authority and sound reason in support of the proposition that, in the absence of some provision of statute, by-law or charter, the directors have no authority to vote salaries to each other as mere incidents of their office (*Kelsey* v. *Sargent,* 40 Hun, 150; *Mather* v. *Eureka Mower Company,* 118 N. Y. 629; *Metropolitan Elevated Railway Co.* v. *Kneeland,* 120 N. Y. 134); and there is

ample authority to sustain the right of a minority stockholder to maintain a representative action to recover salaries voted by the directors to themselves. (*Butts* v. *Wood*, 37 N. Y. 317; *Jacobson* v. *Brooklyn Lumber Co.*, 184 N. Y. 152; and see cases cited on page 163.) "

We think, therefore, a cause of action is stated against the directors of the defendant corporation. Such an action is maintained by a stockholder, but in the right of the corporation, making it a party defendant. (*Niles* v. *N. Y. C. & H. R. R. R. Co.*, *supra*, 124.) The corporation is interested as is the plaintiff; yet it is a necessary party defendant. The service of a summons on a corporation is not service upon unnamed directors or officers, but the directors at least are necessary parties in order that an effective judgment may be had. We have then a question of practice. Justice will be done if an order be made requiring that the directors and such officers of the defendant corporation as counsel may advise be brought in as defendants and such disposition would expedite the prosecution of this action. This court has jurisdiction to make such order. (Civ. Prac. Act, § 192.) Where a complete determination of the controversy cannot be had without the presence of other parties the court must direct them to be brought in. (Civ. Prac. Act, § 193.) But neither in the summons nor in the complaint are the names of the officers and directors of the corporation given. The necessary parties should be brought in on proper application to the Special or Trial Term.

The order should be affirmed, with ten dollars costs and disbursements, with direction that on proper application the other necessary parties be brought in and leave be given to serve an amended summons and complaint as advised by counsel.

WHITMYER and HASBROUCK, JJ., concur; HILL, J., concurs in the result; DAVIS, J., concurs for affirmance, with a memorandum.

DAVIS, J. I concur for affirmance. A cause of action was stated against the defendant corporation at least to the extent that any dividend which should be declared must be payable out of the surplus it had accumulated. Other necessary parties who were not joined always could have been brought in by amendment in a suit in equity and may now be brought in under section 193 of the Civil Practice Act. (*Tooker* v. *Oakley*, 10 Paige, 288; *Vanderwerker* v. *Vanderwerker*, 7 Barb. 221, 225.)

Order affirmed, with ten dollars costs and disbursements, and the court directs that, within thirty days after service of a copy of the order to be entered hereon, application may be made to the Special Term to bring in other necessary parties and for leave to serve an amended summons and complaint as advised by counsel.