## NY PA NJ UTILITIES CO. v. PUBLIC SERVICE COMMISSION OF NEW YORK et al.

District Court, S. D. New York.

April 7, 1938.

———◆———

Edmund B. Naylon, of New York City (Edmund B. Naylon and George Foster, Jr., both of New York City, of counsel), for complainant.

Gay H. Brown, of Albany, N. Y. (John T. Ryan, of Cortland, N. Y., and Laurence J. Olmsted, of Syracuse, N. Y., of counsel), for Public Service Commission.

COXE, District Judge.

NY PA NJ Utilities Company, a Delaware corporation, owns through a voting trust all the common stock of the Rochester Gas & Electric Corporation, a New York corporation. The voting trustees, pursuant to the voting trust agreement, directed the Rochester Company to pay dividends when declared directly to the owners of the voting trust certificates. In 1936, the Rochester Company applied to the Public Service Commission of the State of New York for authority to refund outstanding 7 per cent. preferred stock with the same amount of 5 per cent. preferred stock. This authority was granted on the express condition, prescribed in the Commission's order, that the Rochester Company pay no dividends on its common stock until the termination of a rate proceeding then and still

pending before the Commission. The NY PA NJ Company, by resolution of its board of directors, recommended to the Rochester Company that it accept the condition. The Rochester Company did so, and carried out the refunding operation.

The NY PA NJ Company now sues the Commission, joining the Rochester Company as a defendant, for a declaratory judgment that the condition of the order is void, and praying that an injunction issue restraining the Commission from taking any steps to enforce the condition. It is alleged that the only reason dividends have not been declared and paid is the above-mentioned condition, and that the condition is illegal and void because in excess of the Commission's power under the law of New York, and because it deprives the plaintiff of property without due process of law and of the equal protection of the laws. There is no allegation of demand upon the voting trustees or upon the Rochester Company that either of them bring the suit, nor are any reasons given for failure to make such demand. The jurisdiction of the court is invoked, not only on the ground of diversity of citizenship, but also because of the existence of constitutional questions. The Commission has moved to dismiss the complaint for insufficiency on its face as well as for a number of other specified reasons.

■ The sole object of the action is to remove the dividend restriction imposed by the Commission upon the Rochester Company; that, in effect, is the only relief asked in the complaint, and the real purpose of the suit. The Rochester Company alone was involved in the proceedings before the Commission which resulted in the order containing the restriction, and the only interest the plaintiff now has in seeking its removal is as a holder of voting trust certificates representing stock in the company. I think it is plain, therefore, that the plaintiff is suing in the right of the corporation, and that the action is derivative.

It is not disputed that in such an action, if the only ground of federal jurisdiction is diversity of citizenship, Equity Rule 27, 28 U.S.C.A. following section 723, must be complied with. But it is insisted that the plaintiff is here asserting rights under the Constitution of the United States, and that compliance with Rule 27 is, therefore, unnecessary. Reliance is placed on Hand v. Kansas City Southern R. Co., D.C., 55 F.2d 712, and cases there cited. That case, however, supports the plaintiff's contention only so far as the first portion of the rule is concerned; it is no authority for dispensing with the second part of the rule, requiring the plaintiff to set forth its efforts to obtain the action desired on the part of the management of the corporation, and the causes of its failure, or the reasons for not making such effort. That part of the rule is merely a statement of the well-settled law, both in the New York and Federal courts, that a stockholder suing in the right of the corporation must set forth the essential facts to support his right to maintain the action. Kavanaugh v. Commonwealth Trust Co., 181 N.Y. 121, 73 N.E. 562; Norman v. Consolidated Edison Co., 2 Cir., 89 F.2d 619. Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 56 S.Ct. 466, 80 L.Ed. 688, holds nothing to the contrary. Such cases as Lindsley v. Natural Carbonic Gas Co., C.C., 162 F. 954, and Kimball v. City of Cedar Rapids, C.C., 99 F. 130, cited by the plaintiff, cannot be deemed authoritative in the light of later decisions.

■ The plaintiff insists, however, that the suit is not a stockholder's action, but is brought by the plaintiff "in its own right to establish its right to receive dividends." If this means that the plaintiff may in the present action establish its right to have dividends declared and paid, it will hardly bear analysis. The power to declare dividends resides in the directors; and their discretion in that respect will not be interfered with by a court of equity except for manifest abuse, City Bank Farmers' Trust Co. v. Hewitt, 257 N.Y. 62, 177 N.E. 309, 76 A.L.R. 881; Staats v. Biograph Co., 2 Cir., 236 F. 454, L.R.A.1917B, 728; and the ordinary suit to have dividends declared is against the directors themselves for misconduct, Jones v. Van Heusen Charles Co., 230 App.Div. 694, 246 N.Y.S. 204; Hiscock v. Lacy, 9 Misc. 578, 30 N.Y.S. 860; Dodge v. Ford Motor Co., 204 Mich. 459, 170 N.W. 668, 3 A.L.R. 413. This difficulty is not avoided by the allegation that the only reason dividends are not declared and paid is the existence of the restriction. The plaintiff is still asking the court to pass on a hypothetical claim, which is not permitted under the Federal Declaratory Judgment Act, 28 U.S.C.A. § 400. Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; Anniston Mfg. Co. v. Davis, 301 U.S. 337, 57 S.Ct.

816, 81 L.Ed. 1143; Electric Bond & Share Company v. Securities & Exchange Commission, 58 S.Ct. 678, 82 L.Ed. ——, decided by the Supreme Court, March 28, 1938.

The motion to dismiss is granted.