(March 24, 1944.)

JOSEPH L. FREUND, Suing as a Stockholder of AMERICAN & FOREIGN POWER COMPANY, INC., on Behalf of Himself and All Other Stockholders of Said Company Sir-ilarly Situated, Respondent, v. SOSTHENES BEHN et al., Appellants, et al., Defendants.

Order modified by granting the motion to dismiss the first cause of action, and as so modified, affirmed without costs. No opinion. Settle order on notice. [See *post*, p. 983.]

Present — Martin, P. J., Townley, Untermyer, Dore and Callahan, JJ.; Martin, P. J., and Townley, J., dissent and vote to affirm; Dore and Callahan, JJ., dissent from so much of the order as affirms the denial of the motion to dismiss the second cause of action and vote for dismissal thereof in opinion by Dore, J.

DORE, J. (dissenting in part). In a derivative action by a stockholder of American & Foreign Power Company, Inc., against Electric Bond & Share Company and individual defendants, directors or officers of the American Company, five causes of action were originally pleaded; all were withdrawn but the first two. The issue on appeal is the legal sufficiency of such first two causes of action.

After alleging domination and control of Foreign Power by Electric Bond, plaintiff in the first cause of action charges that defendants caused Foreign Power prior to 1935 to borrow from Electric Bond large sums of money at allegedly excessive rates of interest and that the indebtedness is still outstanding in the form of a promissory note made in 1935 on which the claimed excessive interest is still being paid. The second cause of action charges that Electric Bond through the same claimed domination and a conspiracy to enrich Electric Bond at the expense of Foreign Power caused the latter in 1930 to borrow large sums from banks and through debentures and to pay therefrom large dividends to Electric Bond on Foreign Power's second preferred, 87% of which Electric Bond owned; and in 1931 to borrow additional large sums from Electric Bond, part of which Electric Bond had received from Foreign Power through the 1930 dividends, and out of such loans to pay Electric Bond in 1931 additional large dividends on the same stock. The relief asked in connection with the second cause of action (purportedly in favor of a corporation that requires credit for its going business) is a court injunction prohibiting Foreign Power from paying either the interest or principal of the loan from Electric Bond to the extent of $21,871,806. There is no charge in either cause of action that the individual defendants profited personally or received any of the challenged dividends, borrowings or interest. No allegation is made that the challenged loans could be procured by debentures requiring no security at substantially lower rates of interest and on fairer or better terms including all costs and expenses.

The rate of interest alone is not the only item that must be considered by directors seeking corporate credit; the terms on which loans are made, e.g., collateral, pledge, mortgage or sinking fund requirements, priority of payments, et cetera, are matters vitally affecting loans' or corporate financing. In the first cause of action plaintiff fails to allege that the corporation could have made the loans complained of in the open market on the same terms as the loan complained of or substantially on terms equally favorable. Without such

statement, the allegations of the first cause of action are conclusions expressing plaintiff's opinion unsupported by essential allegations of fact and are accordingly insufficient.

What was said of the borrowings complained of in the first cause of action is equally applicable to the borrowings referred to in the second cause of action. In the latter cause of action, moreover, plaintiff fails to allege facts, as distinguished from conclusions, to show that the dividends there complained of were illegally or improperly declared or paid. No facts are alleged to show that the company did not have sufficient surplus available for payment of the dividends in question or that such dividends impaired the company's capital or were declared and paid while its capital was impaired. No charge is even made of this. The general charge that the company had insufficient liquid assets to pay the dividends is not an allegation that there was no surplus already available or that the dividends paid had not been earned or that the capital of the company was thereby impaired.

A dividend may properly be declared when there is a sufficient surplus of assets over liabilities although the surplus may not be represented by cash or liquid assets on hand. Where such surplus exists, borrowing to pay dividends does not *per se* render the declaration and payment illegal. (*Cox* v. *Leahy,*. 209 App. Div. 313, 315; *Gilbert Paper Co.* v. *Prankard,* 204 App. Div. 83, 87; *Holmes* v. *Saint Joseph Lead Co.,* 163 App. Div. 885, affg. 84 Misc. 278, 284, on opinions of CARDOZO, J., at Special Term; *Bankers Trust Co.* v. *Dietz Co.,* 157 App. Div. 594, 596.)

The charge that at the times of the challenged borrowings the company has "no reasonable prospect" of obtaining funds from the conduct of its business sufficient to repay the money borrowed does not aid the second cause of action. That is a conclusory statement involving a prophecy or business judgment concerning the future without any allegation of fact to support it. No charge is made that creditors of the company were affected or the solvency of the corporation endangered. Tested as a matter of business judgment at the times complained of in 1930 and 1931, that charge contradicts plaintiff's verified allegation in the same complaint that in 1935 (four years later in the depression of which we take judicial notice) and to date, Foreign Power "has been in thoroughly sound financial condition and has enjoyed an unimpeachable credit reputation comparable to the outstanding successful corporations in the United States". If the charge is meant to suggest that the directors borrowed millions from Electric Bond and others without prospect of repaying such loans, that is primarily a charge of wrongdoing by Foreign Power against Electric Bond and the others who made the loans; yet it is alleged in connection with a general claim of conspiracy to favor Electric Bond against Foreign Power.

Irrespective of these inconsistencies, the pleader refrains from making any charge or alleging any facts to show that surplus funds of the corporation were not available for the payment of the dividends but merely refers to current funds from the conduct of the business.

In *Weinberger* v. *Quinn* (264 App. Div. 405, affd. 290 N. Y. 635) substantially similar allegations were held conclusory and bad. In that case the charge was that the United Gas Corporation through the domination and control of Electric Bond and by reason of a conspiracy was caused to pay dividends to Electric Bond and others, instead of paying substantial debts owed Electric Bond, when the financial condition of the United Gas in none of the years in question justified the declaring of any dividends. This court, finding the com-

plaint insufficient, said (at p. 408): "Determination of such matters as the declaration and payment of dividends belongs in the first instance to corporate directors. They are required to give due consideration to the company's business, property and affairs as a whole in making such determination. Ordinarily a decision on such a question is within the discretionary powers of the directors, and will not be interfered with by the courts. (*New York, Lake Erie & Western Railroad* v. *Nickals,* 119 U. S. 296; *Beveridge* v. *N. Y. Elevated R. R. Co.,* 112 N. Y. 1.) * * * We have recently pointed out that domination and control of themselves do not subject the stockholder maintaining same to liability, unless in connection therewith said stockholder usurps the functions of the directors in the management and conduct of the business to the detriment of the corporation and the minority. (*Blaustein* v. *Pan American Petroleum & Transport Co.,* 263 App. Div. 97.) "

Before requiring a trial, the large expenses of which may be imposed upon the corporation itself (General Corporation Law, § 61-a), facts, in contradiction to conclusions, must be alleged justifying an inference of misconduct or the breach of a legal or fiduciary duty proximately causing damages to the corporation. Mere suspicion or imputation of bad motives and wrongful intent are not enough. In *Kalmanash* v. *Smith* (291 N. Y. 142, 150) charges were made that the defendants caused the corporation to enter into contracts which were not *bona fide* but a subterfuge to enable one defendant to procure a gratuitous gift of corporate property with the connivance of the defendants amounting to waste and spoilation. The Court of Appeals said (at p. 154): "Such allegations are conclusory and are legally ineffective, unsupported, as they are in the pleading before us, by facts from which the plaintiff drew those conclusions. (*Gerdes* v. *Reynolds, supra,* pp. 183-185; *Lifshutz* v. *Adams,* 285 N. Y. 180, 185; *Weinberger* v. *Quinn,* 264 App. Div. 405, 408–410; affd. 290 N. Y. 635, and see *Taylor* v. *Astor Nat. Bank,* 105 Misc. 386, 389, 391 [LEHMAN, J.]). * * * The statements of conclusions which express no more than a difference of opinion between a stockholder and directors * * * will not serve in a complaint as sufficient in law to put a director on the defensive. Nor may judicial process be invoked to challenge the judgment of directors except when fraud is alleged or conduct so oppressive as to be its equivalent, and *facts* are pleaded which afford a basis for such allegations. (*Weinberger* v. *Quinn, supra,* pp. 408, 409)."

The conclusory allegations of fraud, conspiracy, bad faith or failure to exercise impartial judgment, add nothing to either cause of action (*Gerdes* v. *Reynolds,* 281 N. Y. 180, 183, 184).

With the majority of the court I vote to dismiss the first cause of action; as to the second cause of action I dissent and vote to dismiss that cause of action also.