ANNA SCHWARTZ, Suing on Her Own Behalf and on Behalf of Stockholders of Truscon Steel Co. Similarly Situated, Plaintiff, v. JULIUS KAHN et al., Defendants.

Supreme Court, Special Term, New York County, September 29, 1944.

*Pruitt, Hale & Coursen* for Republic Steel Corporation, defendant.

*Joseph Nemerov* for plaintiff.

PECK, J. This is an action by minority stockholders of Truscon Steel Company against Republic Steel Corporation and the directors of Truscon. Republic is the only defendant served, besides Truscon, and moves to dismiss, on varying grounds, the four causes of action contained in the amended complaint.

The first cause of action alleges that since October, 1935, Republic has owned more than 90% of the common and preferred stock of Truscon, and has designated and dominated Truscon's directors; that in December, 1936, Republic held 4½% debentures of Truscon maturing in 1961, but redeemable in whole or part at any time, in the amount of $4,000,000, and Truscon was further indebted to Republic in the amount of $272,000; that in December, 1936, when Truscon's surplus was only $514,000 and earnings for the year were $556,000, the directors paid dividends on the cumulative preferred stock aggregating $332,391, which the complaint alleges would not have been paid except for Republic's domination of Truscon, but would and should have been applied to reducing Truscon's indebtedness to Republic; that in December, 1937, when Truscon's indebtedness to Republic amounted to $4,130,000, and Truscon had earnings of $439,000 and a surplus of $622,000, the directors again paid a dividend on the preferred stock of $332,391. The gravamen of the complaint is that Republic was the beneficiary of the dividends, owning 98% of the preferred stock at the times, and that in paying the dividends the directors were serving Republic at the expense of Truscon, whose interest lay in reducing its debt and interest payments. The complaint further alleges that in 1932, when Truscon had independent directors and a surplus of $1,732,000, it only paid dividends on its preferred stock aggregating $60,000, and that the directors during the years 1933, 1934 and 1935 declared no dividends. It appears from the complaint, however, that during the years 1933, 1934 and 1935 Truscon was losing money, while in 1936 and 1937 it

was making money. The relief asked, on the first cause of action, is that the amount paid to Republic in dividends in the years 1936 and 1937 be applied in equity toward payment of Truscon's indebtedness to Republic.

The motion to dismiss the first cause of action is on three grounds: (1) that it fails to state facts sufficient to constitute a cause of action; (2) that it is barred by the Statute of Limitations; and (3) that insofar as the 1936 dividend is concerned, the cause of action is barred by the 1944 amendment to section 61 of the General Corporation Law because the plaintiff was not a stockholder at the time.

The allegations of the first cause of action are essentially the same as those contained in the complaint in *Weinberger* v. *Quinn* (264 App. Div. 405, affd. 290 N. Y. 635) where the complaint was held insufficient. The court pointed out in the *Weinberger* case that the choice between paying dividends or paying on the indebtedness was a matter of judgment for the directors, and that a complaint to be sufficient must state *facts* showing that the directors' action was in bad faith, rather than merely allege conclusions to that effect. The complaint there, as here, alleged that the directors, designated and dominated by the parent, served the parent's rather than the subsidiary's interest in paying the dividend and acted in bad faith and in breach of their duty as directors. As here, however, the complaint failed to state more than that conclusion and failed to state facts supporting the conclusion.

The plaintiff distinguishes the *Weinberger* case (*supra*) upon the ground that the parent there owned only 4% of the preferred stock and was therefore in a different position, both as to motive and benefit, from the parent here, which owned 98% of the preferred stock. The distinction is not persuasive. The theory of the complaint is that the parent, to its advantage as a preferred stockholder, applied the earnings of the corporation to the payment of preferred dividends rather than to the advantage of the corporation, meaning the common stockholders, by reducing the corporation's indebtedness. Republic, however, owned nearly all of the common stock of Truscon, 97.6% at the time the 1936 dividend was declared and 99.1% when the 1937 dividend was declared, so it is impossible to see why it should seek the advantage of preferred stockholders over common stockholders or where there was any divergence of interest between Republic and Truscon.

The plaintiff's contention, as stated in her brief, is that under the circumstances outlined in the complaint, no director

acting honestly and in good faith would have declared such dividends and the conclusion is inescapable that the reason why such dividends were paid was that almost all the payments were received by Republic. If that conclusion were inescapable, or even if it were reasonably indicated by the facts stated in the complaint, the cause of action should be sustained. The court cannot see, however, that the facts set forth in the complaint indicate any dishonesty or impropriety in the payment of the dividends.

Many factors must be considered in the declaration of a dividend: the corporation's financial condition, earnings, prospects and the use which the corporation may make of its funds. The facts stated in the complaint are entirely consistent with honest action on the part of the directors. The corporation had surpluses and earnings which would justify the payment of dividends and the directors may well have thought that the corporation's interest would be served by maintaining a long term credit. It is certainly a common practice for corporations to pay dividends while maintaining a substantial corporate indebtedness. It is worthy of note in this case that between the declaration of the 1936 and 1937 dividends the corporate indebtedness was reduced by $142,000. The fact that prior directors, during a period when the corporation was losing money, did not declare dividends is of no significance as against the fact that the directors here declared dividends at times when the business was on the upgrade and was making money.

The plaintiff relies on the case of *Freund* v. *Behn* (267 App. Div. 892). There the allegations were that the corporation had no liquid resources from which to pay dividends and that the parent caused the subsidiary to borrow money from which dividends could be paid; that is, that the indebtedness was incurred for the express purpose of paying dividends. On this allegation the complaint was sustained in the Appellate Division by a divided court. There is no allegation in the present complaint, however, which would bring this case within the holding in the *Freund* case.

The court in *Weinberger* v. *Quinn* (264 App. Div. 405, *supra*) in commenting upon what is at times a close distinction between a statement of an ultimate fact and a statement of a legal conclusion, stated: " charges such as those of wrongful intent should be scrutinized with particular care where the facts narrated in support thereof justify no inference of misconduct, but relate to transactions innocent on their face."

That observation is particularly applicable to the present complaint. The transactions complained of are innocent on their face and all that the complaint alleges is that they were consummated with a wrongful intent. A complaint on that ground should certainly state facts from which the inference of a wrongful intent would reasonably follow. This complaint fails to state facts from which a court would be warranted in finding that the declaration of dividends was an act of bad faith on the part of defendants rather than the exercise of a judgment vested in the directors. The first cause of action must for that reason be dismissed and it is unnecessary to consider the other grounds of the motion to dismiss that cause of action.

The second cause of action alleges that, as part of the plan of acquiring control of Truscon, Republic agreed with certain important stockholders of Truscon to separate Truscon's laboratory division from its other operations and to sell that division to a corporation to be organized by said stockholders and Republic; that the sale was made in 1936 at the book value of the laboratory assets, which was understood to be and was in fact far below the true and fair value of those assets. The relief asked is that Republic and certain of the other stockholders of the laboratories corporation be held to be constructive trustees in behalf of Truscon of all the stock held by them in the laboratories corporation.

Republic moves to dismiss this cause of action upon the grounds (1) that it does not state sufficient facts; (2) that it is barred by the Statute of Limitation; and (3) that the plaintiff was not a stockholder at the time of the transfer and, therefore, may not maintain this action. The court finds that the cause of action fails on the last mentioned ground and does not rule on the other grounds of the motion.

The 1944 amendment to section 61 of the General Corporation Law (L. 1944, ch. 667) reads: '' In any action brought by a shareholder in the right of a foreign or domestic corporation it must be made to appear that the plaintiff was a stockholder at the time of the transaction of which he complains or that his stock thereafter devolved upon him by operation of law.''

Clearly, under this language the cause of action may not be maintained by this plaintiff because admittedly she was not a stockholder at the time of the transfer complained of. The plaintiff argues, however, that the amendment is not applicable to the case against Republic because section 61 applies only to actions against directors and officers. The

argument is based on the contention that section 61 is tied in with section 60 of the General Corporation Law which relates to actions against officers or directors. It is true that section 60 relates to actions against directors and officers, but it is also true that third parties may be and frequently are joined as parties defendant in actions brought under that section. It is likewise true that the first paragraph of section 61, which antedates the amendment, refers to section 60 and that it defines the persons who may bring an action under section 60. But whatever may be the scope of that paragraph, there is no sound basis for giving the amendment a narrower scope than the breadth of its clear language. The amendment is a separate and complete provision of law which is neither necessarily nor apparently limited to an action brought under section 60. By its clear terms it applies to " any action brought by a shareholder ".

The memorandum of the Governor approving the amendment indicates that the amendment was regarded as incorporating in the State law the rule which has long obtained in the Federal courts with respect to stockholders' suits generally. That rule has always been available to defendants who were not officers or directors of the corporation. (*Hawes* v. *Oakland*, 104 U. S. 450; *Lissauer* v. *Bertles*, 37 F. Supp. 881.) There is certainly no reason why the amendment should be limited to officers and directors. There would be no sense in holding that a stockholder, who was not a stockholder at the time of the act complained of, might not maintain an action against the officers and directors who perpetrated the alleged wrong but might maintain an action against a third party who allegedly participated in the wrong. Reason as well as the clear wording of the amendment compels the conclusion that the amendment applies to any action brought by a stockholder in the right of the corporation against any defendant.

The motion to dismiss the third and fourth causes of action, alleging other impositions of Republic on Truscon, is on the narrow ground that the allegation of the excuse for failure to make a demand upon the directors to bring the suit is not sufficient, because it is incorporated into the third and fourth causes of action only by reference to an allegation in the first cause of action, which the defendant contends does not fit the third and fourth causes of action.

The pertinent paragraph of the first cause of action alleges that " Plaintiff has made no demand on Truscon to bring this action for the reason that a majority of its board of

directors voted for the payment of the dividends as aforesaid and participated in the commission of the wrongful acts complained of, and are the designees and nominees of Republic, and subject to its control and direction as hereinbefore alleged, and therefore a demand upon them to sue Republic will be futile and is excused." The defendant's argument is that, as there are no payments of dividends complained of in the third and fourth causes of action, this paragraph is not applicable to the third and fourth causes of action. The other allegations of this paragraph may be applicable, however, and if the paragraph were read with the elimination of the allegation relating to dividends as surplusage it would be sufficient.

The question, on this motion, is the sufficiency and not the artistry of the pleading. The rather casual handling of this essential allegation reveals perhaps a too common tendency to treat the allegation of excuse for not making a demand as a formality, but the language must be read as if repeated in the third and fourth causes of action and must be held to be sufficient if any of the allegations of the paragraph would excuse a demand, even though other allegations are insufficient or altogether inapplicable. The allegations that a majority of the board of directors participated in the commission of the wrongful acts complained of, and are the designees and nominees of Republic and subject to its control and direction, and therefore a demand upon them would be futile, are sufficient to excuse a demand.

The motions to dismiss the first and second causes of action are granted. The motions to dismiss the third and fourth causes of action are denied.