JOHN SWINTON et al., Plaintiffs, *v.* W. J. BUSH & Co., INC., Defendant.

Supreme Court, Special Term, New York County, February 6, 1951.

*Loeb, Churchill & Lawther* for defendant.

*Edgar E. Harrison* for plaintiffs.

WALTER, J. Stockholders of a New York corporation bring this action against it to obtain a judgment directing that it pay out and distribute $500,717.72 as a dividend upon its common stock. Defendant moves for an order requiring plaintiffs to give security for its expenses and to bring in a majority of defendant's directors as parties defendant.

Whether or not such security should be required in actions of this kind is a question for the Legislature to decide. So far, section 61-b of the General Corporation Law has been made applicable only to actions instituted or maintained in the right of the corporation, and I hold that an action to compel the payment of dividends is maintained in the right of the stockholders and not in the right of the corporation.

*Jones* v. *Van Heusen Charles Co.* (230 App. Div. 694) strongly relied upon as stating the contrary, was an action, not merely to compel payment of a dividend, but, also, to compel directors to restore to the corporation money they had wrongfully diverted from it, and it was that feature which led the court to characterize the action as one brought in the right of the corporation.

In *Davidoff* v. *Seidenberg* (275 App. Div. 784) also relied upon by defendant, the actual holding was that the complaint did not set forth a sufficient cause of action to compel the declaration of a dividend, and the court's characterization of the action as " a stockholder's derivative action " necessarily related to other allegations of a different cause of action.

In *Schwartz* v. *Kahn* (183 Misc. 252) also cited by defendant, plaintiffs complained of the payment of dividends instead of trying to compel the payment of them.

*Pulsch* v. *Nyack Express Co.* (253 App. Div. 734) the fourth and last case cited by defendant, decided nothing more than that an order for examination before trial should be affirmed; and the statement in the dissenting memorandum that the action should be a derivative one (which seems to be the reason why defendant has cited the case) plainly was made with reference to the prior statement in the memorandum that the action was to compel defendants to account for the conduct of the business of defendant corporation and for moneys received and disbursements made.

An action to compel the declaration of a dividend of course rests upon misconduct of the directors, but it is misconduct toward the stockholders, not misconduct toward the corporation.

The first branch of the motion accordingly is denied for the reason that the action is not one of the kind to which section 61-b of the General Corporation Law applies.

Whether or not directors are indispensable parties to an action by a stockholder to compel the payment of a dividend is somewhat more difficult.

Dicta upon the point will be found in *Jones* v. *Van Heusen Charles Co.* (230 App. Div. 694, 695, *supra*) and *Pulsch* v. *Nyack Express Co.* (253 App. Div. 734, *supra*); and in *Koppel* v. *Middle States Petroleum Corp.* (66 N. Y. S. 2d 496, affd. 272 App. Div. 790) wherein the complaint rested solely upon the theory that dividends were mandatory, a motion to compel the bringing in of the directors was denied; but there appears to be no New York case specifically deciding the point.

In New York, as generally, the power to declare dividends is vested in the directors of the corporation. It is their declaration which creates the dividend, the obligation of the corporation to pay it, and the right of the stockholder to receive it (*Boston Safe Deposit & Trust Co.* v. *Adams*, 219 Mass. 175, 177; *Thomas* v. *Laconia Car Co.*, 251 Mass. 529, 533); and the directors have a wide discretion as to whether or not and when a dividend shall be declared and the amount of it when and if declared. Their discretion, of course, is subject to some restraint, and it must be exercised within the limits of certain legal rules; and if the directors abuse their discretion or go outside those legal rules, a court of equity will interfere to control that discretion and enforce the rights of the stockholders. The means by which the court gives relief, however, is by compelling the directors to declare a dividend, not by itself declaring one (*City Bank Farmers Trust Co.* v. *Hewitt Realty Co.*, 257 N. Y. 62; *Kassel* v. *Empire Tinware Co.*, 178 App. Div. 176; *Dodge* v. *Ford Motor Co.*, 204 Mich. 459, 487; *Kales* v. *Woodworth*, 32 F. 2d 37, 39; *Schuckman* v. *Rubenstein*, 164 F. 2d 952, 957, certiorari denied 333 U. S. 875).

Logically, therefore, the directors should be made parties, so that the court can make its decree against the individuals whose conduct it is controlling and whom it is directing to do something; and they doubtless usually are and will be made parties.

It is here asserted, however, that by reason of their non-residence it will be impossible for plaintiff to bring the directors in as parties to this action; and, also, that by reason of their residence in different places it will be impossible for plaintiff to join a majority of them in any forum. It thus must be

anticipated that a granting of this motion eventually will lead to a dismissal of the action because they are not brought in (*Mahr* v. *Norwich Union Fire Ins. Co.*, 127 N. Y. 452; *Whalen* v. *General Mining, Milling & Power Co.*, 249 App. Div. 601).

The question thus is, not whether the directors logically should be joined, but whether they are so indispensably necessary that they must be brought in in order for the action to proceed. And that, as I see it, turns upon whether or not a court can compel a corporation to pay out money as a dividend without a dividend having been declared by the directors.

In *Schuckman* v. *Rubenstein* (*supra*) which was a suit in a Federal court in Ohio involving an Ohio corporation, it was squarely held that the directors are indispensable parties without whose presence the suit cannot proceed.

But in *Kroese* v. *General Castings Corp.* (179 F. 2d 760, certiorari denied 339 U. S. 983) (which was a suit in a Federal Court in Pennsylvania involving a Delaware corporation) the opposite conclusion was reached.

In his opinion in that case, Judge GOODRICH said (p. 765) that in *Schuckman* v. *Rubenstein* (*supra*) the court was giving its views on Ohio law, whereas in his case the court was declaring Pennsylvania law, and that their conflicting decision brought nothing more than an expressed difference on the law of two States. Nevertheless, I do not discover in the opinion in either of those cases any statement of any difference between the law of Ohio and the law of Pennsylvania or the law of Delaware with respect to the declaration of dividends, and notwithstanding that statement in the opinion of Judge GOODRICH it seems to me that the different results reached in those two cases are due, not to differences between the law of Ohio and the law of Pennsylvania or Delaware on that subject, but to a difference of view respecting the degree to which courts properly may sacrifice logic and the symmetry of legal concepts to the practical desirability of affording a forum to a suit or instead of depriving him of a hearing because of inability to reach with process in one jurisdiction all those whom logic and symmetry say should be reached (see comment of CARDOZO, J., on logic and symmetry and practical adaptation to the attainment of a just result in *Jacob & Youngs, Inc.*, v. *Kent*, 230 N. Y. 239, 242–243).

Similarly, I see no differences between the law of New York and the law of Ohio or the law of Pennsylvania or Delaware respecting the declaration of dividends which are sufficient to guide my choice as to whether I follow *Schuckman* v. *Rubenstein* (*supra*) or *Kroese* v. *General Castings Corp.* (*supra*) and in the

end decision seems to me to turn on one's idea of whether compelling a corporation to pay out money as a dividend when no dividend has been declared by the directors is a permissible departure from what logic and the symmetry of legal concepts require.

Three fairly recent cases in the Court of Appeals seem to me to indicate the view I should adopt.

It repeatedly was held and stated that the corporation in the right of which a stockholders' suit is brought is a necessary party to such suit (see cases cited in *Norman* v. *General Amer. Transp. Corp.*, 181 Misc. 233, affd. 267 App. Div. 758), but when confronted with a situation in which jurisdiction of the corporation and of the wrongdoers could not be obtained, the Court of Appeals found it possible to proceed without the presence of the corporation (*Cohen* v. *Dana*, 287 N. Y. 405, 410, 411; *Weinert* v. *Kinkel*, 296 N. Y. 151).

It long was regarded as essential that all joint owners of a claim be made parties to an action to enforce it, but when confronted with a situation in which jurisdiction of the debtors and of one of the owners could not be obtained the Court of Appeals dispensed with the presence of one joint owner; and in so holding the court said: "To command a party to be brought in where there is no process to bring him in and no jurisdiction over him lacks sense" (*Keene* v. *Chambers*, 271 N. Y. 326, 330).

The motion is accordingly denied.