ADA GORDON, On Behalf of Herself and All Other Stockholders of HOTEL BARBIZON, INC., Similarly Situated, Plaintiff, *v.* LAWRENCE B. ELLIMAN et al., Defendants.

Supreme Court, Special Term, New York County, August 7, 1952.

*Sidney G. Kingsley* for defendants.

*Aaron Schwartz* for plaintiff.

BREITEL, J. Defendant moves to require plaintiff to provide security pursuant to section 61-b of the General Corporation Law. The action is brought by a stockholder to compel the corporation to declare dividends. The motion should be granted if the action is derivative, namely, one brought " in the right of the corporation ". The motion should be denied if the action is representative, that is, one brought in the individual right of the stockholder in which other stockholders similarly situated may join.

In the broad definitions of derivative and representative actions between stockholders and their corporations, there is little dispute either in the cases or between the parties to this litigation. Probably the best general distinction between the two types of action was stated by Judge WEINFELD in the case of *Schreiber* v. *Butte Copper & Zinc Co.* (98 F. Supp. 106, U. S. Dist. Ct., S. D., N. Y.) wherein he said: " An action may be said to be representative when it is based upon a primary or personal right belonging to the plaintiff-stockholder and those of his class. It is derivative when the action is based upon a primary right of the corporation but which is asserted on its behalf by the stockholder because of the corporation's failure, deliberate or otherwise, to act upon the primary right. ' The cause of action which such a plaintiff brings before the court is not his own but the corporation's. It is the real party in interest and he is allowed to act in protection of its interest somewhat as a " next friend " might do for an individual, because it is disabled from protecting itself.' Koster v. (American) Lumbermens Mutual Casualty Co., 330 U. S. 518, 522, 67 S. Ct. 828, 831, 91 L. Ed. 1067. Thus, we must determine whether the right of action exists in the plaintiff — as a primary right — or whether it is derived from the corporation or secondarily because of its failure to act. Security may be required under the New York law only where the action is ' * * * instituted or maintained in the right of any foreign or domestic corporation * * *.' " (Pp. 112–113.)

The difficulty arises in determining whether an action to compel the declaration of dividends is derivative or to enforce a right individual and personal to the stockholder. The older cases, which did not involve an application of section 61-b of the General Corporation Law because it was not then enacted, and where the questions largely turned upon the indispensability of parties or the necessity of fulfillment of conditions precedent to the bringing of the action, held that an action to compel the declaration of dividends was derivative. (*Jones* v. *Van Heusen*

*Charles Co.,* 230 App. Div. 694; *Von Au* v. *Magenheimer,* 126 App. Div. 257, affd. 196 N. Y. 510; *Hiscock* v. *Lacy,* 9 Misc. 578.) The authorities in other jurisdictions have largely been in accord with this view. (E.g., *Lydia E. Pinkham Medicine Co.* v. *Gove,* 303 Mass. 1; *Laurel Springs Land Co.* v. *Fougeray,* 50 N. J. Eq. 756.)

In this court, since the enactment of section 61-b there has been a holding that an action to compel the declaration of dividends was representative and not derivative, and therefore the providing of security under the statute was not required. (*Swinton* v. *Bush & Co.,* 199 Misc. 321.) Unfortunately, the basis for the holding is not detailed. In that case the court said:

" Whether or not such security should be required in actions of this kind is a question for the Legislature to decide. So far, section 61-b of the General Corporation Law has been made applicable only to actions instituted or maintained in the right of the corporation, and I hold that an action to compel the payment of dividends is maintained in the right of the stockholders and not in the right of the corporation.

" *Jones* v. *Van Heusen Charles Co.* (230 App. Div. 694) strongly relied upon as stating the contrary, was an action, not merely to compel payment of a dividend, but, also, to compel directors to restore to the corporation money they had wrongfully diverted from it, and it was that feature which led the court to characterize the action as one brought in the right of the corporation.

" In *Davidoff* v. *Seidenberg* (275 App. Div. 784) also relied upon by defendant, the actual holding was that the complaint did not set forth a sufficient cause of action to compel the declaration of a dividend, and the court's characterization of the action as ' a stockholder's derivative action ' necessarily related to other allegations of a different cause of action.

" In *Schwartz* v. *Kahn* (183 Misc. 252) also cited by defendant, plaintiffs complained of the payment of dividends instead of trying to compel the payment of them.

" *Pulsch* v. *Nyack Express Co.* (253 App. Div. 734) the fourth and last case cited by defendant, decided nothing more than that an order for examination before trial should be affirmed; and the statement in the dissenting memorandum that the action should be a derivative one (which seems to be the reason why defendant has cited the case) plainly was made with reference to the prior statement in the memorandum that the action was to compel defendants to account for the conduct of the business

of defendant corporation and for moneys received and disbursements made.

" An action to compel the declaration of a dividend of course rests upon misconduct of the directors, but it is misconduct toward the stockholders, not misconduct toward the corporation." (P. 322.)

The distinction with respect to the *Jones* case is not compelling. An examination of that case establishes satisfactorily that the action was in fact treated as one to compel the payment of a dividend. The other cases are not determinative of the question one way or another. The *Swinton* case was affirmed with respect to another branch of the motion before the court (278 App. Div. 754).

In accord with the view expressed in the *Swinton* case is Ballantine on the Law of Corporations (§ 234). Ballantine states as follows: " A proceeding to compel payment of a dividend is of an equitable nature, the specific performance of a duty owed to all the shareholders individually and severally. It has been said that a shareholder's suit to enforce payment of a dividend to him and the others as individuals is ' derivative ' and any suit he may bring should be as for a wrong done to the corporation. This seems to be an erroneous theory. The right of shareholders to distributions of profits is a direct claim upon the corporation, but it is a class and not merely an individual claim. The suit should accordingly be brought as a class or representative suit on behalf of all shareholders of the same class to order a dividend distribution by the corporation for the benefit of all, not for relief in favor of the corporation as in a derivative suit." (See, also, *Giesecke* v. *Denver Tramway Corp.*, 81 F. Supp. 957, U. S. Dist. Ct., Del.)

At first blush it would seem that an action to compel the declaration of dividends is an action to enforce a right personal and individual to a stockholder. If the action is successful the result will be that the corporation will yield up some of its funds and that the stockholder will receive to his personal use such funds. But upon further consideration it can be seen that the analysis of the earlier cases in which such an action was described as derivative is soundly based. Typically, the representative action is one which results in a judgment or decree which directly confers a benefit upon a stockholder as against the corporation. The derivative action, on the other hand, is one in which the judgment or decree requires the management of a corporation at the suit of a stockholder to do that which,

with respect to the corporate affairs, should have been done for the benefit of the corporation in the first instance. The fact that as a result of management action with regard to the declaration of dividends funds are ultimately disbursed to the stockholders is immaterial. The welfare of corporations being identified to a certain extent with that of stockholders, the mere test of economic detriment or benefit to the stockholders cannot provide a basis for determining whether the action is derivative or representative. Thus the rationale of the older cases above referred to is that in an action to compel the payment of a dividend the stockholder was not asserting a right to the dividend. Such a right did not exist until the dividend was declared. What the stockholder was seeking to enforce was that exercise of discretion and judgment by the management of the corporation as would serve the best interests of the corporation and ultimately its members, the stockholders.

Perhaps the distinction would be clarified by some concrete applications. An action to rescind the cancellation of stock certificates held by stockholders would be clearly a representative action. The relief sought is directly for the legal benefit of the stockholders from the corporation. An action to pay a declared dividend obviously is in the personal right of a stockholder. An action to enjoin the declaration or payment of a dividend, without dispute, is derivative. The relief is for the benefit of the corporation against its management. The action to compel the declaration of a dividend is no more than the converse — the prayer is justified if it is in the interests of the corporation and the mechanics of relief is through the correction of the conduct of management.

It cannot be said that policy is best served by considering a stockholders' action to compel the declaration of dividends a derivative one; but that is not the question before us. That is a legislative question. What is required is that the courts in classifying actions as derivative or representative follow a test and a rationale that is consistent and practically applicable.

If the foregoing analysis is correct, then the weight of authority in the United States and the controlling authority in this jurisdiction is that an action to compel the declaration of dividends is derivative; that the declaration of a dividend is a matter for the discretion and judgment of the management of a corporation in the interests of the corporation, and not the subject of an individual or personal right asserted by stockholders; and that a practical test of whether an action is derivative or representative is whether the relief sought is in the

name of the corporation against its management, or whether it results in direct relief to the suing stockholder from the corporation.

Accordingly, the motion to require security under section 61-b of the General Corporation Law is granted. The court will entertain suggestions from both parties upon settlement of the order as to the amount of the bond. Such bond is to be filed within sixty days after service of the order to be entered. Plaintiff has leave to move to vacate the order if within that time additional stockholders should join in sufficient number to meet the requirements of section 61-b. Settle order.