**PLANT INDUSTRIES, INC., Plaintiff,**

v.

**Robert B. BREGMAN, Malcolm A. Borg, Connie A. Cox, Alan M. Morrison, Serge C. Naggar and Thomas E. Singer, Defendants.**

**No. 80 Civ. 2577.**

United States District Court, S. D. New York.

Oct. 8, 1980.

Schiff Hardin & Waite, Washington, D. C. (Richard S. Kraut, Washington, D. C., of counsel), Pollack & Kaminsky, New York City, for plaintiff.

Wender, Murase & White, New York City (Peter J. Gartland, Lance Gotthoffer, New York City, of counsel), for defendant.

## MEMORANDUM OPINION

EDWARD WEINFELD, District Judge.

Plant Industries, Inc. ("Plant") commenced this action against individual defendants who were soliciting proxies for the election of six out of a total of nine directors in an effort to oust the existing management of Plant, alleging violations by defendants of section 14(a) of the Securities Exchange Act of 1934 and the proxy rules promulgated thereunder. The action was not derivative but was brought directly by the corporation. A motion for a preliminary injunction was denied.[1] The election was held and the defendants won, as they sought, six of the nine directorships. When it appeared that there was a tie vote among seven of the nominees of management's slate for the remaining three directorships, the six newly-elected directors, upon advice of independent counsel, declared the three remaining seats vacant and, thereupon, named three of the then incumbent directors to those positions. That procedure is currently being challenged in a separate action in this Court entitled *Prescott v. Plant Industries, Inc.* ("Prescott").

The plaintiff Plant has presented to the Court for its approval a stipulation entered into with the defendants, the original dissident group, which, as noted, prevailed in the election, to dismiss this action on the merits with each party bearing its own costs. It is represented by counsel for Plant in a letter addressed to the Court that the proposed dismissal is based upon a recommendation by a committee of three directors acting independently of the full board and disinterested in respect of the subject matter of the action, and upon the advice of independent counsel. The members of the independent committee were directors of Plant when the action was instituted and were on the slate of nine nominees of the then existing management. In

---

1. *Plant Industries, Inc. v. Bregman*, 490 F.Supp. 265 (S.D.N.Y.1980).

sum, taking into account various factors, the conclusion of the independent committee is that termination of the litigation is in the best interests of Plant.

The dismissal is opposed by Hyman Katz, a substantial stockholder and the former chief executive officer of Plant until he was supplanted after the proxy contest when management slate, which he headed, failed of election. Katz is neither a party to this nor the Prescott action. Apart from his opposition to the dismissal of this action, Katz has moved (1) that he be substituted as plaintiff herein in his representative capacity as stockholder of Plant and (2) that this and the Prescott action be consolidated.

The likelihood that this action would be discontinued as not in the corporation's best interest was signalled following the proxy fight when in August, 1980, Plant, under its new management, filed its quarterly form 10–Q report with the Securities and Exchange Commission, wherein it stated "[t]he board of directors of the Company has formed a committee of directors who are not defendants in this action which committee is reviewing this action to determine whether or not it would be in the best interests of the Company to continue the action. Independent counsel has also been obtained to assist these directors in their deliberations."

The stipulation of dismissal is predicated upon action taken subsequent thereto. Entirely apart from the foregoing, it should be emphasized that this is not a derivative action nor does it assert a claim against any director for alleged breach of fiduciary duty. The gravamen of the complaint sets forth two separate claims–(1) the alleged unlawful solicitation by defendants of proxies of several stock brokers; and (2) alleged false and misleading statements in the solicitation of proxies. As already noted, the Court found that plaintiff had failed to sustain its burden to warrant preliminary injunctive relief. Under all the circumstances, no adequate reason has been advanced to withhold at the request of a non–party to the litigation, albeit a substantial shareholder, the Court's approval of the parties' consent to the dismissal. Accordingly, the stipulation of the parties to this action consenting to its dismissal is approved.

The proposed intervenor's reliance upon *Maldonado v. Flynn*,[2] even assuming its holding is upheld on appeal, is misplaced since he disregards the significant fact that *Maldonado* was a derivative action which charged directors with breach of their fiduciary duty to the corporation and that the underlying rationale of the holding is that the stockholders had an independent right to "continu[e] a cause of action to enforce a corporate right of action against the corporate directors for breach of fiduciary duty, when the corporation refuses, explicitly or by implication, to bring the action."[3] Here, the action was brought directly by the corporation; there is no claim of breach of fiduciary duty by directors; the claim is the alleged violation of proxy rules by shareholders who sought and succeeded in ousting the incumbent management. Katz, the proposed intervenor, seeks to continue this action to which he is not a party by being substituted as plaintiff "in his representative capacity as a stockholder of Plant Industries." Whatever his claim as a stockholder may be against the defendants herein, he is free either individually or under proper allegations as a class representative to bring a separate suit. The nature of such an action and the claims alleged therein may be entirely different from a derivative action purporting to assert a claim on behalf of the corporation.[4]

This disposition renders moot the application to consolidate this action with the Prescott action which, parenthetically, presents

**2.** 413 A.2d 1251 (Del.Ch., 1980).

**3.** *Id.* at 1257.

**4.** *See Schreiber v. Butte Copper & Zinc Co.*, 98 F.Supp. 106 (S.D.N.Y.1951); *Gordon v. Elliman*, 202 Misc. 612, 115 N.Y.S.2d 567 (Sup.Ct. N.Y.Co.), *aff'd*, 280 A.D. 655, 116 N.Y.S.2d 671 (1952), *aff'd*, 306 N.Y. 456, 119 N.E.2d 331 (1954); *Lehrman v. Godchaux Sugars*, 207 Misc. 314, 138 N.Y.S.2d 163 (Sup.Ct.N.Y.Co. 1955).

issues substantially different, to wit, the validity of the appointment of the three directors under Delaware law, an issue obviously unrelated to any claim of fraud in the solicitation of proxies.